John Wesley HENSON, Appellant,

v.

STATE of Texas.

No. 01–81–0028–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1981.

A. D. Downer, Huntsville, for appellant.

Erwin Acker, Crim. Dist. Atty., Huntsville, for appellee.

Before SMITH, BASS and DUGGAN, JJ.

SMITH, Justice.

This is an appeal from a jury verdict finding the appellant guilty of sexual abuse of a child. The court assessed the punishment at twenty years confinement and a fine of $10,000.

The appellant asserts four grounds of error by the trial court as follows: (1) the trial court did not instruct the jury as to all of the essential elements of the offense of abuse of a child; (2) the trial court erred by including on the sentence and judgment forms an order cumulating appellant's sentence; (3) the trial court erred by allowing the appellant to be convicted by a jury drawn from a panel from which the district clerk had excused potential jurors without sworn excuses; and (4) the trial court erred in instructing the jury in the charge to consider extraneous offenses, of which the appellant had not been convicted, in passing on the credibility of the appellant's testimony.

The complainant, a male age thirteen at time of trial, testified that in August of 1977, he, his younger brother, and his father moved in with the appellant, who was going to help his father get a job. The sleeping arrangement was such that the appellant and the complainant slept in a full size bed and the complainant's younger brother slept with his father in a half bed. He further testified that two weeks after the family moved in, the appellant applied vaseline to his penis and to the complainant's rectum; that the appellant placed his penis in the complainant's rectum; and that this occurred almost every night.

The appellant asserts in his first ground of error that the trial court did not instruct the jury as to all the essential elements of the offense of sexual abuse of a child, in that the court omitted from its charge the element that the child must not be the spouse of the accused. The essential elements of the offense of sexual abuse of a child are set forth in Texas Penal Code, § 21.10, as follows:

(1) intent to arouse and gratify a sexual desire of any person, (2) engage in deviate sexual intercourse, (3) with a child, (4)

the child must not be his spouse, (5) the child must be younger than seventeen years old.

The appellant correctly asserts that it is fundamental error for the charge to the jury to omit an essential element of the offense, and that such an objection can be raised for the first time on appeal. *West v. State,* 572 S.W.2d 712 (Tex. Cr. App. 1978).

The Texas Court of Criminal Appeals has addressed this contention in *Jacquez v. State,* 579 S.W.2d 247 (Tex. Cr. App. 1979), where the appellant urged the court to quash the indictment because it did not allege that the complainants were "not his spouse." The court held that since the indictment clearly alleges that both appellant and complainants were male, that they could have neither obtained a marriage license nor entered into a common-law marriage, and that appellant's substantive rights were not prejudiced by the omission.

In *Ferguson v. State,* 579 S.W.2d 2 (Tex. Cr. App. 1979), the court held that the State had not failed to prove that the complaining child was not the spouse of the defendant, where it was shown that the defendant was married to the child's mother, and that the only relationship between the defendant and the child was that she was his stepdaughter.

In this case, appellant, a male, was indicted for "placing his genitals in contact with the anus of [complainant], a male child younger than seventeen years of age." We take judicial notice that two males cannot obtain a marriage license or enter into a common-law marriage under the laws of the State of Texas. Under the facts of this case the appellant's substantive rights have not been prejudiced by the failure of the trial court to include in its charge, "the child must not be his spouse." No fundamental error having been committed by the trial court, the appellant's first ground of error is overruled.

The appellant's second ground of error contends that the trial court erred by including on the sentence and judgment forms an order cumulating appellant's sen-

tence, when such an order was at variance with the sentence pronounced by the court.

After the jury found the appellant guilty of the sexual abuse charge, the parties agreed to let the court assess the punishment. The following statements were then made:

By The COURT

"I assess your punishment at twenty years confinement in the Texas Department of Corrections, and a fine of $10,-000. You may be sentenced today or you may take ten days before you are sentenced."

BY COUNSEL FOR APPELLANT

"We'll take the ten days."

BY THE COURT

"Allright. This sentence can be set for October 2."

The above pronouncement in open court was made on September 20, 1978.

On October 2, 1978, in open court, the court made its sentence and entered its formal judgment. The oral pronouncement made by the court was the same as that made by the court on September the 20th, but the written sentence and judgment, in addition to the twenty year confinement and $10,000 fine provisions, made the following provision: "sentence to begin when the sentence in cause no. 5526 in the 86th Judicial District Court of Rockwall County, Texas, on August 9, 1960, in which cause the defendant was assessed a sentence of not less than five years nor more than ninety-nine years, ceases to operate."

The appellant contends that unless a judge expresses a clear intention to cumulate sentences, that they begin to run concurrently and cannot later be made to run consecutively. As authority, the appellant cites *Ex Parte Voelkel,* 517 S.W.2d 291 (Tex. Cr. App. 1975). In *Voelkel,* the defendant was convicted for embezzlement in two causes, with the court assessing punishment at four years in both causes on April 1, 1974. On April 23, 1974, sentences were imposed in both causes. The next day, April 24, 1974, the defendant was returned to court from jail, at which time the court

set aside the sentence in one cause, in order that the sentence not begin until the sentence from the first cause had ceased to operate. The Court of Criminal Appeals held that the order of cumulation would be set aside, because the defendant had already begun serving the sentence prior to the sentence being set aside.

■ Where the trial court does not order that two or more sentences in different prosecutions shall be cumulative as permitted by statute, the terms of imprisonment automatically run concurrently. *Ex Parte Reynolds,* 462 S.W.2d 605 (Tex. Cr. App. 1970).

In *Ex Parte Davis,* 506 S.W.2d 882 (Tex. Cr. App. 1974), the court set out the requirements for a valid cumulation order:

We have stated that a cumulation order should contain: (a) the number of the prior convictions; (b) the correct name of the court in which the conviction was had; (c) the date of the prior conviction; and (d) the term of years assessed in each prior case. We have also observed that it would be desirable to state the offense upon which the prior conviction was had. (citations omitted)

■■ In the present case, the cumulation portion of judgment and sentence forms contain all the elements of a cumulation order as set forth in *Ex Parte Davis, supra;* however these written instruments varied from the oral pronouncement by the court in that the judge's oral recitation of the sentence made no mention of cumulation. The defendant was not only unaware that his sentence was cumulated, but he also lost his opportunity to object to the sentence or to present evidence in opposition to the cumulative portion of the sentence. In view of the fact that the defendant had commenced his sentence prior to being apprised of its cumulation, we hold that an order cumulating sentence must be stated of record in open court at the time of the sentencing. The appellant's second ground of error is sustained.

The appellant's third ground of error complains that the trial court erred by allowing appellant to be convicted by a jury

where the district clerk excused potential jurors without sworn excuses.

Prior to trial, appellant objected, by written motion, to the practice of the district clerk excusing potential jurors without sworn excuses. At the pretrial hearing, the district clerk testified that she excused several jurors and that none of them presented sworn or written excuses. Appellant requested that those potential jurors, who had not been legally excused, be attached and brought before the court, which motion was overruled by the court.

 Texas Code of Criminal Procedure Art. 35.03 states that the court determines if a juror is to be excused. Article 35.04 states that a potential juror can establish his exemption by filing a signed statement with the clerk. In the present case neither of these procedures were followed. However, the Texas Court of Criminal Appeals has heretofore addressed the contention made by the appellant, in *Esquivel v. State,* 595 S.W.2d 516 (Tex. Cr. App.), *cert. denied,* 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980). In that case, the court held that even if the challenge was supported by proper affidavit, the appellant must demonstrate harm by showing that he was forced to accept an objectionable juror. An objectionable juror is a person against whom a challenge for cause exists for reasons that would affect his competency or his impartiality in the trial. See also, *Stephenson v. State,* 494 S.W.2d 900 (Tex. Cr. App. 1973). In the case at hand, the appellant has neither alleged nor proved that he was forced to accept an objectionable juror. The appellant's third ground of error is overruled.

The appellant's fourth ground of error complains that the trial court erred by instructing the jury to consider extraneous offenses of which the appellant had not been convicted. The record reflects that the appellant failed to file and present written objections to the court's charge as required by Texas Code of Criminal Procedure, art. 36.14. Only fundamental error in a charge will be considered on appeal where the appellant has not made objections to the court's charge. *York v. State,* 566 S.W.2d

936 (Tex. Cr. App. 1978). Where no objection is made to the charge nothing is presented for review. *Mulchahey v. State,* 574 S.W.2d 112. (Tex. Cr. App. 1978). We find no fundamental error in the court's charge. The appellant's fourth ground of error is overruled.

The conviction of the defendant is affirmed and the punishment portions of the judgment and sentence of the trial court are reformed to read as follows: "punishment of the defendant is assessed at twenty years confinement in the Texas Department of Corrections, and a fine of $10,000."

It is the further order of this Court that the Texas Department of Corrections give credit to the defendant for all time served as a result of this conviction;

And, it is further ordered that the clerk of this Court mail to the Texas Department of Corrections a copy of this order.