**James Bernard COLLINS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–070–CR.**

Court of Appeals of Texas, Corpus Christi.

June 9, 1983.

Patrick McGuire, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and UTTER and GON-ZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an order revoking probation. On July 16, 1981, the appellant was convicted, on his plea of guilty, of the charge of burglary of a habitation. In accordance with a plea bargain, the trial court assessed punishment at five years in the Texas Department of Corrections and placed defendant on probation for five years and a fine of $250.00. On February 8, 1982, the trial court found that appellant had violated a condition of his probation by committing another burglary on or about August 27, 1981. Appellant's probation was revoked, and he was ordered to serve the sentence originally assessed for the earlier burglary.

In his first ground of error, appellant asserts that the trial court erred in failing to dismiss the State's motion to revoke probation after the appellant had been in custody for more than twenty days without a hearing. In connection with this ground, the appellant relies upon TEX.CODE CRIM.PRO.ANN. art. 42.12 § 8(a) (Vernon Supp.1982) and *Ex parte Trillo,* 540 S.W.2d 728 (Tex.Cr.App.1976).

Section 8(a) provides that in cases where a probationer has been detained for a probation violation and not released on bail, the trial court, upon motion by the defendant, "shall cause the defendant to be brought before it for a hearing within twenty days of the filing" of the defendant's motion for speedy hearing. *Aguilar v. State,* 621 S.W.2d 781, 783–84 (Tex.Cr.App. 1981). In the *Trillo* case, it was determined that the remedy for failure to comply with this provision of section 8(a) was dismissal without prejudice of the State's motion to revoke probation.

While it is clear that the trial court does have the discretion to dismiss the motion to revoke probation upon a showing that the State is not ready to proceed with a hearing in compliance with section 8(a), it is also now clear that a defendant may not seek reversal of a judgment revoking his probation by assigning as error the failure to comply with section 8(a). "Such a violation is not 'error' which taints the trial court's decision to revoke the probation and therefore mandates reversal of the judgment." *Aguilar v. State, supra,* at 786. Appellant's relief, if any, should have been obtained via the habeas corpus route prior to the revocation. *Aguilar v. State, supra.* Ground of error number one is overruled.

In his second ground, appellant alleges that the delay in hearing the motion to revoke his probation violated his constitutional right to due process of law. See U.S.CONST. amends. VI & XIV; TEX. CONST. art. I § 10. The United States Supreme Court has set forth a "balancing test" under which the conduct of the prosecution and that of the defendant may be weighed when claims of denial of the right to a speedy trial are asserted. *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1971). Factors that the reviewing court should consider in applying this "balancing test" are: 1) length of the delay; 2) the reason for the delay; 3) the defendant's assertion of his right; and 4) the prejudice to the defendant. *Barker v. Wingo, supra; Hernandez v. State,* 556 S.W.2d 337, 340 (Tex.Cr.App.1977).

The record in this case shows that the State first filed a motion to revoke the appellant's probation on September 10, 1981, on which date the appellant was arrested. On November 12, 1981, the appellant filed a motion for a speedy hearing. On that same date, the State withdrew its motion to revoke probation, and six days later, on November 18, 1981, the appellant was released from custody. On November 20, 1981, appellant was indicted for the same crime which formed the basis of the State's motion to revoke probation, and three days after that, on November 23, the appellant was re-arrested, pursuant to the indictment. The very next day, appellant filed another request for a speedy trial. Appellant was again released from jail on December 9, 1981, and on January 11, 1982,

the State dismissed the indictment for insufficient evidence. On January 13, 1982, two days after the dismissal of the indictment, the State filed its second motion to revoke probation which was also based upon the same transaction as the first motion and the indictment. Two days after that, the appellant was again arrested and detained in the Nueces County Jail. On the 18th of January, 1982, the appellant filed his motion for speedy hearing in connection with the second motion to revoke probation. A hearing was set for February 8, 1982, twenty-one days after appellant's motion, and such hearing resulted in the revocation now appealed from.

The total time from the State's first motion to revoke probation to the final disposition of the case was 151 days. Eighty-eight days elapsed from the time of appellant's first request for a speedy hearing to the final disposition.

As for the reasons for the delay, the record discloses that, during a substantial period of time, the State was actively seeking to indict and prosecute the appellant for the offense of burglary based on the events of August 27, 1981. The record also shows that the State's only identification witness, Mr. Perry Shuford, was absent from the State from October 6, 1981, to November 18, 1981, and again from December 26 or 27, 1981, to January 8 or 9, 1982. Contrary to the assertions of the appellant, the record does not show a lack of diligence on the part of the prosecution in locating and securing their witnesses for trial.

It is conceded that the appellant was diligent in asserting his right to a speedy trial. However, the assertion of the right alone is not sufficient to mandate reversal on due process grounds.

■ In determining the prejudice of delay to a defendant, the interests of a defendant which the speedy trial right was designed to protect must be considered. These include: 1) to prevent oppressive pretrial incarceration; 2) to minimize anxiety and concern of the defendant; and 3) to limit the possibility that the defense will be impaired. *Hernandez v. State, supra,* at 341.

The facts of this case do not indicate the abuse of any of these three interests. The appellant was not continuously incarcerated during the development and pendency of this case. Instead of attempting to prolong appellant's incarceration, it appears that the State acted promptly in the face of his assertion of the right to a speedy trial in withdrawing the first motion to revoke probation and in dismissing the indictment when it appeared that the witness needed to prove the case against the appellant could not be produced for trial. Each time, the appellant obtained his release. With regard to the second and third factors, the appellant made no showing on the record of anxiety and concern, or of the impairment of his defense. In fact, the delay could only have benefited the appellant as a factor bearing against the credibility of the State's witnesses whose memories were required to be tested over a longer period of time. We are unable to conclude that there is a showing of prejudice to the defendant.

■ Considering all the above factors in the light of the *Barker v. Wingo* "balancing test," we hold that appellant's due process right to a speedy trial was not abridged in this case. Ground of error number two is overruled.

■ Next, the appellant alleges that the allegations in the State's motion to revoke probation failed to give fair notice of the conduct or acts which the State intended to prove as violation of the conditions of appellant's probation. The record reflects that the appellant filed a motion to set aside the motion to revoke. However, said motion did not complain of the defect which appellant now seeks to raise on appeal. Having failed to raise the issue in a motion to quash, the appellant has waived his right to complain of the degree of specificity employed by the State in framing its allegations. We hold that there is no fundamental error here. An indictment for burglary may allege that the accused committed theft without setting out the elements thereof. *Davila v. State,* 547 S.W.2d 606

(Tex.Cr.App.1977). Further, the allegations contained in a motion to revoke probation need not be set out with the same particularity as those of an indictment or information. *Bradley v. State,* 608 S.W.2d 652 (Tex.Cr.App.1980); *Champion v. State,* 590 S.W.2d 495 (Tex.Cr.App.1979). Appellant received an adequate notice from which he could identify the crime charged and prepare a defense. Ground of error number three is overruled.

Finally, appellant contests the sufficiency of the evidence to support the revocation of probation. The standard of proof at a probation revocation hearing is by a preponderance of the evidence. *Garrett v. State,* 619 S.W.2d 172 (Tex.Cr.App.1981); *Grant v. State,* 566 S.W.2d 954 (Tex.Cr.App. 1978). We must view the evidence in the light most favorable to the verdict. *Garrett v. State, supra,* at 174; *Fernandez v. State,* 564 S.W.2d 771 (Tex.Cr.App.1978). The issue before this Court, then, is whether the trial court abused its discretion in revoking appellant's probation. *Garrett v. State, supra; Lloyd v. State,* 574 S.W.2d 159 (Tex.Cr.App.1978).

The evidence established that, around midnight or a little thereafter between August 26 and 27, 1981, someone broke into the Corpus Christi residence of Adelina Sanchez by prying the screen off a window and stole her purse. Mr. Perry Shuford testified that he was at his home in the next block of the same street as the Sanchez home at the time of the offense. Shuford was participating in an informal neighborhood watch program at the time and was stationed next to an open window at the front of his house. Shuford identified the appellant, whom he had known for some eight years, as the individual Shuford observed coming up the street from the direction of the Sanchez home at about 12:30 a.m. on the night in question. Shuford stated that the appellant stopped in the street nearby and began to examine a checkbook or a wallet. Shuford watched as the appellant examined various items under a streetlight and discarded some of them. Shuford called the police and, when they arrived, directed them to the spot where he had observed the appellant going through the contents of the checkbook or wallet. There, they found a number of papers, cards and a blue vinyl checkbook cover which were identified as belonging to Sanchez, and which had earlier that evening been in her purse. Under the standard of proof discussed above, we find the evidence sufficient to place the appellant in possession of the items shown to be stolen in the burglary, and the circumstance of possession is sufficient to establish the elements of the crime. No abuse of discretion has been shown.

All of appellant's grounds of error have been considered, and they are all overruled. The judgment of the trial court is affirmed.