Hector C. GUERRA, Appellant,

v.

STATE of Texas, Appellee.

No. 13-83-081-CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 30, 1983.

Armando L. Reyna, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG, and UTTER, JJ.

OPINION

NYE, Chief Justice.

Appellant's probation was ordered revoked after a hearing at which the trial judge found that appellant violated the conditions of his probation 1) by failing to report to the Probation Office; and 2) by failing to pay a probation fee of $10.00 a month.

In his first ground of error appellant contends that the State's evidence was insufficient to support the revocation of pro-

bation. Specifically, appellant argues that the State failed to prove: (1) that his failure to pay the fees was willful and (2) that he had the ability to pay the fees.

■ The standard of proof on a probation revocation is by a "preponderance of the evidence," and the only question on appeal from the trial court's order is whether the court abused its discretion by revoking the probation. *Lloyd v. State,* 574 S.W.2d 159 (Tex.Cr.App.1978). The trial court's order (to revoke probation) will be upheld if there is proof of at least one proper ground of revocation. The reviewing court does not need to consider the other contentions raised. *Sanchez v. State,* 603 S.W.2d 869 (Tex.Cr.App.1980); *Jones v. State,* 571 S.W.2d 191 (Tex.Cr.App.1978).

The record reflects that appellant originally violated the terms of his probation by failing to report to the Probation Office. He was thereafter placed on "Intensive Supervision Probation." Appellant was then ordered, inter alia, to report to a probation officer at least once a month. Appellant's parole officer testified that appellant failed to report in August, September, and October of 1982, after which a motion to revoke probation was filed and the appellant was arrested. The parole officer stated that appellant's excuse for not reporting was: "[t]hat he was tired of reporting." Appellant conceded that he did not report as scheduled on July 28, 1982, and that he never came back after that period. The trial judge found that appellant violated the conditions of his probation by failing:

> "to report to the probation office as directed, in person, by phone or by mail, for the months of August, September, and October, 1982. . . ."

■ We hold that the evidence is sufficient to support the revocation on the ground that appellant failed to report to his probation officer. *Ross v. State,* 594 S.W.2d 100 (Tex.Cr.App.1980). It is unnecessary for us to consider appellant's contention that the revocation for failure to pay probation fees was improper. Appellant's first ground of error is overruled.

In his second ground of error appellant contends that the evidence was insufficient to sustain the revocation of probation because "it is very possible that appellant's failure to report was not intentional or willful."

■ Testimony was adduced that appellant was a "slow learner" and that he "was functioning at the fourth grade level." The record did show, however, that appellant graduated from High School in 1975 and that a probation officer testified that appellant understood his obligation to report to the probation office. We overrule appellant's second ground of error.

In his third and fourth grounds of error appellant contends that the "moving force and primary reason for the trial court's decision" was an allegation that appellant had committed another theft. The prosecutor notified the Court at the hearing that it would waive that count because the supporting witnesses had not been summoned. Appellant contends that the trial court was thus prejudiced against him and that the other two allegations—failure to report and failure to pay fees—were "merely excess verbage [sic] riding through the coattails" of the abandoned proceeding.

Our review is limited to determining whether the trial court abused his discretion in revoking appellant's probation. *McDonald v. State,* 608 S.W.2d 192 (Tex.Cr.App.1980). The evidence is clear that the appellant violated the terms of his probation. The trial court did not abuse its discretion in so holding.

The judgment of the trial court is AFFIRMED.