Arturo Y. CASTRO, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–140–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 15, 1983.

Roger W. Hughes, Adams, Graham, Jenkins, Graham & Hamby, Harlingen, for appellant.

Reynaldo S. Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before KENNEDY, BISSETT and GONZALES, JJ.

## OPINION

KENNEDY, Justice.

This is an appeal from an order of the trial court revoking appellant's probation. We affirm.

Appellant pled guilty to burglary of a building on August 11, 1982 pursuant to a plea bargain agreement. His punishment was assessed at confinement for two years, the imposition of sentence was suspended and he was placed on probation for two

years. Subsequently, appellant's probation was revoked following a hearing on a State's motion alleging non-payment of court costs and probation fees along with failure to report to the probation officer. Appellant had pled "not true" to the non-payment portions of the motion and "true" to the failure to report portions.

■ We first dispose of the State's first reply point which questions the jurisdiction of this court to hear the appeal. It is argued that since the original burglary case was settled on a plea bargain in accordance with Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1979)[1] and the appeal is based upon neither a pre-trial motion nor the permission of the trial court, then appellate jurisdiction is lacking to consider appellant's grounds of error which refer to the original conviction (grounds 1 & 2). In support thereof the State cites *Galitz v. State*, 617 S.W.2d 949 (Tex.Cr.App.1981).

While there appears to be some merit to the State's argument the Court of Criminal Appeals has ruled otherwise in *Penny v. State*, 567 S.W.2d 6 (Tex.Cr.App.1978) and *Standley v. State*, 517 S.W.2d 538 (Tex.Cr. App.1975). Therefore, we will consider appellant's grounds of error 1 and 2. Each of these grounds attacks the indictment, number one because it is alleged that the indictment does not state the elements of theft and number two because it does not allege a culpable mental state.

■ As to ground of error number one appellant concedes that a new rule applies making it unnecessary to allege the constituent elements of the crime in a theft indictment following *Gonzales v. State*, 517 S.W.2d 785 (Tex.Cr.App.1975). In this case the Court of Criminal Appeals in its ruling noted the consolidation of theft offenses in Tex.Penal Code Ann. § 31.02 (Vernon 1974)

following the 1974 revision of the code. Appellant urges us to overrule *Gonzales.* We have neither the authority nor the inclination to do this. Instead, we overrule his first ground of error.

■ The matter of alleging a culpable state was dealt with in *Sylvester v. State*, 615 S.W.2d 734 (Tex.Cr.App.1981). There it was held that an indictment which used words identical to those complained of in appellant's brief (with the exception of the name of the complaining parties) was not fundamentally defective. Appellant's second ground of error is overruled. We now proceed to consider grounds of error three through seven which deal with the revocation hearing. Grounds three, five and six attack the revocation of appellant's probation as being an abuse of discretion because the conditions of probation were vague and indefinite concerning:

"(3) failure to visit the probation officer,

(5) failure to pay court costs,

(6) non-payment of probation fees."

The order of the court directed appellant to:

(3) "(d) Report to the Probation Officer at the Probation Office monthly between the third Monday and the following Friday of each month;

(e) Report to the Probation Officer (in addition to the reporting required by (d) above) when, where and in the manner as may hereafter be ordered by the Court through the Probation officer;

(5)(i) Pay court costs in the sum of $75.00 within sixty (60) days after the date of entry of this Judgment;

(6)(j) Pay a probation fee of $15.00 per month every month of the probationary period between the first and tenth day

---

1. Art. 44.02 A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722. Amended by Acts 1977, 65th Leg., p. 940, ch. 351, § 1, eff. Aug. 29, 1977.

of the month beginning in the month next following entry of this Judgment until the sum of $360.00 shall have been paid;"

These conditions are not vague and indefinite. The trial court did not abuse its discretion in finding a willful violation of these conditions. Grounds of error three, five and six are overruled.

Ground of error number four is similar to the three grounds just considered except that it refers to the *allegation* in the motion to revoke and the *findings* of the court as being vague and indefinite. The allegation is "Defendant has failed to report to the Probation Officer at the Probation Office for the months of September, October, and November 1982." The finding is stated in the identical words of the allegation. Once again, these matters are stated in language that is clear and unequivocal. No abuse of discretion is shown and ground of error number four is overruled.

Appellant's final ground of error states that the trial court erred in finding that appellant failed to pay probation fees for the month of September. The judgment which contained the probation order was signed by the court on September 1, 1982. It orders appellant to make his probation fee payments every month of the probationary period between the 1st and 10th day of the month *beginning in the month next following entry of the judgment.* Thus it appears that such payment was due between the 1st and 10th day of October, 1982. Appellant's seventh and final ground of error is sustained.

Although we sustain appellant's seventh ground of error we nevertheless affirm the judgment of the trial court since we find no error in the findings made concerning the other violations of the conditions of probation. One probation violation will support the court's order to revoke probation. *Sanchez v. State,* 603 S.W.2d 869 (Tex.Cr.App.1980); *Jones v. State,* 571 S.W.2d 191 (Tex.Cr.App.1978).