**Marion Eugene FAIR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–85–418–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 15, 1986.

Rehearing Denied June 5, 1986.

ment of Corrections, and fined $2,000.00. The penitentiary term was probated for ten years.

In August 1985, the trial court revoked probation and sentenced appellant to six years in the Texas Department of Corrections. Appellant challenges the revocation of his probation.

In his first ground of error appellant contends that the trial court should have dismissed the State's motion to revoke because the trial court failed to afford appellant a revocation hearing within the time prescribed by article 42.12, § 8(a), of the Texas Code of Criminal Procedure. We need not address the merits of appellant's argument because a violation of art. 42.12, § 8(a), must be raised before a revocation hearing via habeas corpus. *Aguilar v. State*, 621 S.W.2d 781, 783–84 (Tex.Crim. App.1981); *Collins v. State*, 664 S.W.2d 375, 377 (Tex.App.—Corpus Christi 1983, no pet.). A violation of section 8(a) is not "error" which taints the trial court's decision to revoke. *Aguilar*, 621 S.W.2d at 786. Appellant's first ground of error is overruled.

In his second and third grounds of error appellant complains that the trial court failed in its attempt to cumulate the sentence imposed in the revocation order. We disagree. The written judgment revoking probation sets forth all of the information which is recommended to be included in an order of cumulation. *See Ward v. State*, 523 S.W.2d 681 (Tex.Crim.App.1975); *Banks v. State*, 708 S.W.2d 460 (Tex.Crim. App.1986). The order adequately states that the sentence is not to operate until the sentence in a specifically described conviction ceases to operate. Appellant's argument that the order is ambiguous is without merit. Appellant also argues that the trial court did not specifically enough inform appellant that the sentence would be cumulated when sentence was pronounced in open court, and that therefore the cumulation order is invalid.[1] We also disagree with this contention. The trial court informed appellant in open court that:

William J. Natho, Yoakum, for appellant.

Wiley L. Cheatham, Dist. Atty., Cuero, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

Appellant was convicted of "Bail Jumping and Failure to Appear" in March 1979, sentenced to ten years in the Texas Depart-

---

**1.** Appellant relies on *Henson v. State*, 638   S.W.2d 504 (Tex.App.—Houston [1st Dist.] 1981,

The Court sets the punishment at six years confinement in the Texas Department of Corrections and the sentence to commence when the defendant has completed his sentence assessed in the punishment phase in Cause Number 15,831, Brazos County, Texas.

The trial court judge clearly did not include in his *oral* pronouncement of sentence all of the elements recommended in a written cumulation order, but the trial court judge certainly informed appellant that the sentence would be cumulated. Testimony and other evidence concerning the Brazos County conviction was introduced during the revocation hearing. Given this, the trial court's shorthand reference to the conviction, as "Cause Number 15,831, Brazos County, Texas," could hardly have misled appellant or his counsel. We pause to point out that a written cumulation order must contain sufficient detail to inform the persons who have custody of a prisoner when a sentence is to begin to operate. These persons are generally removed from the trial setting and must rely exclusively upon the written cumulation order. Thus, the same considerations do not apply to a defendant in the presence of the trial court. Appellant's second and third grounds of error are overruled.

■ In his fourth ground of error appellant contends that the trial court's judgment erroneously imposes a $2,000.00 fine which was not imposed in the court's oral pronouncement of sentence. As the State correctly points out, the original sentence for Bail Jumping included a $2,000.00 fine. The probation judgment probated only the penitentiary term originally assessed and did not probate the fine. Therefore, the trial court did not err in including the originally assessed fine in its judgment. Appellant's fourth ground of error is overruled.

■ In his sixth ground of error appellant contends the evidence is insufficient to revoke probation. The record contains evidence which shows that appellant and an accomplice stole two jackets from a Foley's Department Store as alleged in the motion to revoke. Appellant contends the State failed to adequately establish the "owner" of the merchandise. We disagree. The store security manager testified. Her testimony shows that she was a "special owner" having a greater right to possession of the jackets than appellant. *See Freeman v. State,* 707 S.W.2d 597 (Tex.Crim.App. 1986). The evidence is sufficient to support the trial court's revocation order. Appellant's sixth ground of error is overruled.

■ In his fifth ground of error appellant raises the sufficiency of the evidence to support the trial court's findings that he failed to pay his probationary fees and court costs. Because there is one sufficient ground for revocation, the theft of the jackets from the Foley's store, we do not need to address other evidentiary contentions raised. Proof of one probation violation will support the trial court's order to revoke. *Sanchez v. State,* 603 S.W.2d 869 (Tex.Crim.App.1980).

The trial court did not abuse its discretion in revoking probation. The judgment of the trial court is AFFIRMED.

no pet.), for the proposition that the trial court's oral pronouncement must contain an order of cumulation. In *Henson,* there was no oral cu-

mulation pronouncement at all, thus *Henson* is not factually on point.