**Jimmy Lee ARGUIJO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–88–257–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 2, 1989.

Rehearing Denied Feb. 28, 1989.

Charles T. Conway, San Antonio, for appellant.

C. P. Moore, Beeville, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

OPINION

NYE, Chief Justice.

Appellant challenges the trial court's order revoking his felony probation. His sole point of error contends the trial court abused its discretion in entering its order because the State failed to meet its burden of proof at the revocation hearing.

In 1986, a jury found appellant guilty of possession of marihuana. The punishment was assessed at seven years confinement

with a $2,500.00 fine; the confinement was ordered probated. After an unsuccessful appeal, appellant was placed on probation in January 1988. In April 1988, the State filed a motion to revoke probation. The trial court heard evidence and revoked probation for violation of the following conditions of probation: "Abstain from the use of controlled substances or dangerous drugs; neither commit nor be convicted of any offense; abstain from the consumption of alcohol; enter no bar, tavern or lounge."

The standard of proof in a revocation of probation hearing is a preponderance of the evidence. *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App.1984); *Guerra v. State,* 664 S.W.2d 412, 413 (Tex. App.—Corpus Christi 1983, no pet.). In a probation revocation hearing, the judge is the sole finder of fact and the appellate court will view the evidence in the light most favorable to the revocation decision. *Jones v. State,* 589 S.W.2d 419, 421 (Tex. Crim.App.1976); *Collins v. State,* 664 S.W. 2d 375, 379 (Tex.App.—Corpus Christi 1983, no pet.).

The record shows that Thomas Durham, the probation officer, testified that appellant was required to submit urine samples on a weekly basis. The urine samples were screened by Durham. Those provided on January 28, 1988, and February 2, 1988, needed further analysis by the Department of Public Safety.

Javier Flores, a forensic chemist who worked for the Department of Public Safety for four and one-half years tested both samples. The test did not show cocaine in the samples; however, it showed that the samples contained Benzoylecgonine, a cocaine metabolite. Flores testified that the presence of the cocaine metabolite indicated prior use of cocaine within a week to ten days of each sample.

Flores said the only other source besides cocaine that the chemical could be found present would be from a synthetic source. However, it was highly unlikely that it would be from a synthetic source. He testified he could not say 100% whether the benzoylecgonine came from a cocaine derivative or from a synthetic substance. It was his opinion that it was more likely than not that the metabolite came from cocaine. He also said the metabolite is not found in anything that people ordinarily take. Officer Durham said that the probationers were required to inform the probation officers of any prescription drugs they were taking and that appellant did not tell him about any he took.

The above testimony supported the trial court's order. Appellant contends that because there was no finding of cocaine in the samples, the evidence failed to prove appellant used cocaine. We disagree. The trial court, as finder of fact, was justified in believing that appellant had used a controlled substance. Appellant's point of error is overruled.

It is not necessary to consider the sufficiency of the evidence to prove other violations since the above alleged violation, (use of a controlled substance), is supported by the evidence. *Moore v. State,* 605 S.W.2d 924, 926 (Tex.Crim.App.1980); *Chaires v. State,* 704 S.W.2d 397, 398 (Tex.App.—Corpus Christi 1985, no pet.); *Castro v. State,* 662 S.W.2d 460, 462 (Tex.App.—Corpus Christi 1983, pet. ref'd).

The judgment of the trial court is AFFIRMED.