



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOSE IZAGUIRRE, a/k/a DANNY CORTEZ, Appellant

No. 05-92-02034-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 2 of Dallas County, Texas. (Tr.Ct.No. F91-66455-KHI).

Opinion delivered by Justice Morris, Justices Chapman and Hankinson participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 26, 1997.

JOSEPH B. MORRIS
JUSTICE

Affirmed and Opinion Filed February 26, 1997



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-92-02034-CR

---

## JOSE IZAGUIRRE, a/k/a DANNY CORTEZ, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F91-66455-KHI**

---

# OPINION

Before Justices Chapman, Morris, and Hankinson
Opinion by Justice Morris

Jose Izaguirre, a/k/a Danny Cortez, appeals his conviction for burglary of a vehicle. In one point of error, appellant argues that the trial court erred when cumulating his sentence. Concluding that the trial court's cumulation order was sufficient, we overrule appellant's point of error and affirm the trial court's judgment.

On June 19, 1992, in the Criminal District Court No. 2 of Dallas County, Texas, before the Honorable Larry Baraka, Judge, appellant entered an open plea of guilty. Judge

Baraka assessed punishment at confinement in the state penitentiary for ten years and a fine of $1,000. Judge Baraka also stated that appellant's sentence would not start until he "completed and discharged" his sentence in "F-90-45742-I."

In one point of error, appellant argues that the trial court erred in not ordering his sentence to start on the date sentence was pronounced. Appellant attacks the trial judge's oral pronouncement of sentence, not the trial court's written judgment.[1] Appellant argues that the trial court's use of the words "completed and discharged" in its oral pronouncement did not conform with the terminology of article 42.08 of the Texas Code of Criminal Procedure, which uses the words "ceased to operate." *See* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.11, 1989 Tex. Gen. Laws 3471, 3495, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 5.03, 1993 Tex. Gen. Laws 3586, 3745 (current version at TEX. CODE CRIM. PROC. ANN. art. 42.08 (Vernon Supp. 1997)). Appellant also maintains that the trial court's reference to only a cause number was insufficient. *See Young v. State*, 579 S.W.2d 10, 11 (Tex. Crim. App. [Panel Op.] 1979). Appellant concludes that the trial court's cumulation order is invalid.

An order of cumulation should contain the correct name of the court in which the defendant was earlier convicted. *Id.* at 10. It should also contain the trial court cause

---

[1] The trial court's judgment provides:

Said [judgment], sentence, and term of punishment in this cause shall commence and run when the sentence in Cause No. F90-45742-I, a previous conviction of the defendant for the offense of ROBBERY, in the CDC # 2 District Court of Dallas County, Texas, has [been] served and has ceased to operate. The sentence in said prior cause was imposed on 6-19, 1992, and was for a term of confinement in the Inst. Div. of Tex. Dept. of Crim. Just. for 20 YRS TDC.

number, the date, the term of years, and the nature of the earlier conviction. *Id*. Courts have upheld cumulation orders containing less than all the recommended elements. *Id*. A cumulation order must be sufficiently specific so that both the defendant and the prison authorities know with which earlier conviction the instant sentence is cumulated. *See Williams v. State*, 675 S.W.2d 754, 764 (Tex. Crim. App. 1984) (op. on reh'g).

Appellate courts may take judicial notice of their own records in the same or related proceedings involving the same or nearly the same parties. *Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987). We take judicial notice of *Izaguirre v. State*, No. 05-92-01836-CR (Tex. App.--Dallas, Febr. 26, 1997, n.p.h.) (not designated for publication), which at trial was before the Criminal District Court No. 2 of Dallas County, Texas. The trial court cause number was F90-45742-WQI. In that case, on June 19, 1992, before Judge Baraka, appellant pled true to the allegations in the State's motion to proceed to an adjudication of guilt, and Judge Baraka found appellant guilty of robbery and assessed punishment at confinement in the state penitentiary for twenty years and a fine of $500.

If the trial court intends to cumulate a sentence, it must do so when it orally pronounces sentence. *Ex parte Vasquez*, 712 S.W.2d 754, 754-55 (Tex. Crim. App. 1986). Precise compliance with the terminology of article 42.08 is not required. *See Williams*, 675 S.W.2d at 762 ("stacked" is synonymous with "cumulative" or "consecutive"); *Fair v. State*, 710 S.W.2d 188, 190 (Tex. App.--Corpus Christi 1986, no pet.) (when earlier sentence "completed"). At the June 19, 1992 hearing, appellant asked the judge to have his punishments for this offense and the robbery run concurrently. Although the trial judge did

not use the precise terminology of article 42.08, he nevertheless informed appellant that he was rejecting that request and was cumulating his sentence. The judge's comment did not mislead appellant. *See Fair*, 710 S.W.2d at 190.

Reference to only a cause number is sufficient if the earlier conviction was from the same court. *Williams*, 675 S.W.2d at 764; *Ex parte Davis*, 506 S.W.2d 882, 883-84 (Tex. Crim. App. 1974); *Ex parte Lewis*, 414 S.W.2d 682, 683 (Tex. Crim. App. 1967). The earlier sentence in this case was from the same court, the same judge, and the same date. We conclude the judge's reference to the cause number was sufficient. *Id.*

We overrule appellant's point of error and affirm the trial court's judgment.


JOSEPH B. MORRIS
JUSTICE

Do Not Publish
Tex. R. App. P. 90
922034F.U05

-4-