

# NUMBERS 13-14-00308-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

**CIPRIANO GONZALEZ,**                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                      **Appellee.**

### On appeal from the 214th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Pursuant to a plea bargain agreement, appellant Cipriano Gonzalez pleaded guilty to burglary of a building, a state jail felony. *See* TEX. PENAL CODE ANN. § 30.02 (West, Westlaw through Ch. 46, 2015 R.S.). The trial court assessed appellant's punishment at two years' imprisonment, suspended sentence of confinement, and placed appellant

on community supervision for a period of four years.[1]  The State subsequently moved to revoke appellant's community supervision, alleging four violations.  Following an evidentiary hearing, the trial court found the allegations true, revoked appellant's community supervision, and sentenced him to two years' imprisonment.  By two issues, appellant argues:  (1) the evidence was insufficient to support the trial court's finding that he committed the offense of assault causing bodily injury; and (2) the punishment assessed was disproportionate to the seriousness of the offense in violation of the Eighth and Fourteenth Amendments to the United States Constitution.  *See* U.S. CONST. amend. VIII, XIV.  We affirm.

## I.  BACKGROUND

The State filed a motion to revoke appellant's community supervision alleging the following violations:  (1) committing the offense of assault causing bodily injury; (2) failing to report to his probation officer; (3) failing to pay restitution and supervisory fees; and (4) failing to pay for and complete the Felony Impact Panel program.  At the revocation hearing, appellant pleaded true to the second, third, and fourth allegations and "not true" to the first allegation.

During the hearing, victim Noel Perez testified concerning the alleged assault. Perez stated that he worked with appellant on an apartment remodeling project.  Perez recalled gathering his tools at the end of a work-day, when he was suddenly surrounded by appellant and three other men.  He remembered being struck by one of the men and then "crawling on the floor trying to get up," while all four of the individuals stomped and

---

[1] During the term, the trial court extended the period of community supervision to five years.

kicked him repeatedly. Perez testified appellant kicked him in the face while he was on the ground. Perez suffered bumps to his head, scrapes on his knees, and injuries to his feet. Another witness testified she saw appellant kick Perez while he was on the ground.

Appellant's brother testified that he was present during the altercation, but that it was another individual—not appellant—who fought with Perez. At the conclusion of the hearing, the trial court found the alleged violations true, revoked appellant's community supervision, and sentenced appellant to two years' imprisonment. This appeal followed.

## II. SUFFICIENCY OF EVIDENCE

By his first issue, appellant argues that the evidence was insufficient concerning the allegation of assault causing bodily injury. Appellant maintains that there was conflicting evidence whether appellant was the aggressor and initiator of the assault.

## A. Standard of Review

We review a trial court's order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). At a probation revocation proceeding, the State bears the burden of showing by a preponderance of the evidence that the defendant committed a violation of his community supervision conditions. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) (en banc); *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.). If the State does not meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984).

Proof by a preponderance of the evidence of any one of the alleged violations of the community supervision conditions is sufficient to support a revocation order. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.—Corpus Christi 1997, no pet.). Further, a plea of true alone is sufficient to support revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Perry v. State*, 367 S.W.3d 690, 693 (Tex. App.—Texarkana 2012, no pet.); *Jones*, 112 S.W.3d at 268. When multiple violations are found by the trial court, we will affirm the order revoking community supervision if the State proved any violation by a preponderance of the evidence. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision.").

**B. Analysis**

Appellant pleaded true to the allegations of: failing to report to his probation officer; failing to pay restitution and supervisory fees; and failing to pay for and complete the Felony Impact Panel program. A failure to report violation provides a sufficient basis for the trial court's decision to revoke community supervision. *See, e.g.*, *Flournoy v. State*, 589 S.W.2d 705, 707, 709–10 (Tex. Crim. App. [Panel Op.] 1979) (no abuse of discretion to revoke for failing to report for nine months over a period of about four years); *Greer v. State*, 999 S.W.2d 484, 489 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (no abuse of discretion to revoke for failing to report for a single month); *Guerra v. State*, 664 S.W.2d 412, 413 (Tex. App.—Corpus Christi 1983, no pet.) (no abuse of discretion

4

to revoke for failing to report for three consecutive months). Although appellant argues the violations—other than assault causing bodily injury—are minor, a trial court may revoke community supervision for a violation of any condition, including any single "technical" condition. *See Nurridin v. State*, 154 S.W.3d 920, 924 (Tex. App.—Dallas 2005, no pet.). Because appellant's plea of true to failing to report is sufficient to support revocation, we need not address appellant's contentions concerning the assault causing bodily injury allegation. *See Smith,* 286 S.W.3d at 342. We overrule appellant's first issue.

### III.   SENTENCING

By his second issue, appellant argues that the sentence is disproportionate to the seriousness of the offense in violation of the Eighth and Fourteenth Amendments to the United States Constitution. *See* U.S. CONST. amend. VIII, XIV.

To preserve a complaint of disproportionate sentencing, the defendant must make a timely, specific objection in the trial court or raise the issue in a motion for new trial. TEX. R. APP. P. 33.1; *Heidelberg v. State*, 144 S.W.3d 535, 542–43 (Tex. Crim. App. 2004); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd); *see also Montemayor v. State*, No. 13–10–00292–CR, 2011 WL 1844449, at *3 (Tex. App.—Corpus Christi March 17, 2011, no pet.) (mem. op., not designated for publication). Almost every right, constitutional or statutory, may be waived by the failure to object. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). Appellant did not object to his sentence at the hearing, and he did not file a motion for new trial asserting any

5

constitutional or statutory complaints concerning his sentence. Appellant failed to preserve this issue for review on appeal. *See* TEX. R. APP. P. 33.1. We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of July, 2015.