

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00246-CR

MATTHEW COLTER LANE, APPELLANT

V.

THE STATE OF TEXAS

On Appeal from the 19th District Court
McLennan County, Texas,
Trial Court No. 2015-2140-C1, Honorable Ralph T. Strother, Presiding

May 25, 2022

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

In 2019, the State filed a motion to adjudicate Appellant guilty of the offense of assault—family violence by occlusion.[1] The State alleged Appellant had pleaded guilty to the offense in March 2016 and was placed on community supervision. The motion to adjudicate alleged Appellant had violated several terms and conditions of community

---

[1] Because this appeal was transferred from the Tenth Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

supervision, including (1) committing subsequent offenses against the laws of the State of Texas; (2) using a controlled substance; and (3) failing to pay certain fees and costs.

In February 2020, the trial court adjudicated Appellant guilty and sentenced him to eight years of confinement. On appeal, Appellant challenges the trial court's revocation of community supervision, arguing that the State produced insufficient evidence to establish that Appellant was the same person who was placed on deferred adjudication community supervision.

We affirm the trial court's judgment.

Background

In October 2015, an indictment issued alleging Matthew Colter Lane intentionally, knowingly, and recklessly caused bodily injury to Vanessa Lane, his wife, by intentionally, knowingly, and recklessly impeding Vanessa's normal breathing or circulation of blood by applying pressure to her throat or neck. In March 2016, Lane executed a judicial confession that admits the following:

> I stipulate that this offense was committed in McLennan County, Texas on 2nd day of August, 2015. I stipulate that I *did then and there intentionally, knowingly, and recklessly cause bodily injury to VANESSA LANE, a member of my family or a member of my household, as described by Section 71.003 or 71.005 of the Texas Family Code, by intentionally, knowingly, and recklessly impeding the normal breathing or circulation of the blood of the said VANESSA LANE by applying pressure to the throat or neck of the said VANESSA LANE*, Against the Peace and Dignity of the State.

(Emphasis in original). Matthew Colter Lane personally appeared before Ralph T. Strother, judge of the 19th Judicial District Court of McLennan County, Texas. Lane

2

admitted to the trial court that he was the same individual who had been indicted on the assault—family violence by occlusion charge and entered a plea of guilty.

In May 2016, Lane personally appeared before Judge Strother again and admitted he was the same Matthew Colter Lane who had pleaded guilty to the charge of assault—family violence by occlusion. The trial court sentenced Lane to eight years of community supervision, with several terms and conditions with which Lane was ordered to comply.

In December 2019, the State filed a motion to adjudicate Appellant's guilt. In its motion, the State alleged that Appellant was the same Matthew Colter Lane who had pleaded guilty to the 2014 charge of assault—family violence by occlusion, and who had been placed on community supervision. The State alleged Appellant violated the terms and conditions of community supervision by:

- Consuming marijuana on or about February 20, 2018;
- Committing the offense of Assault by Strangulation on or about April 11, 2019;
- Committing the offense of Unlawful Restraint on April 11, 2019;
- Committing the offense of Evading Arrest/Detention with a Vehicle on or about July 16, 2019;
- Failing to pay monthly probation fees; and
- Failing to pay monthly urinalysis fees.

The violation report worksheet states that the victim of these new alleged offenses (i.e., strangulation, unlawful restraint) was the same as the victim of the assault charge that Matthew Colter Lane pleaded guilty to in 2014.

As the case proceeded, Appellant was appointed several attorneys to represent him, but each filed motions to withdraw due to Appellant's continual refusal to cooperate.

3

Judge Strother held at least four hearings to attempt to secure suitable counsel who could assist Appellant in his defense. Appellant, however, began to claim that (1) he was not the defendant; (2) he was not Matthew Colter Lane (but was "a beneficiary" of the Matthew Colter Lane Trust); (3) he did not want to be represented by counsel; (4) he did not want to represent himself; (5) the trial court did not possess jurisdiction over him; and (6) a panel of arbitrators affiliated with some organization named "LAMP" (an acronym Appellant claims is for "Legal Arbitration Mediation People") had ruled in Appellant's favor, thereby releasing him from criminal liability.

On August 14, 2020, a revocation/adjudication hearing proceeded before Judge Strother. The hearing was opened by the trial court recognizing Appellant and stating Appellant was appearing "as he has several times." Appellant maintained he was "not the Defendant" and "not Mr. Lane," but the "sole beneficiary of the Matthew Colter Lane Trust," with the trial judge serving as the "trustee of the trust." During the hearing, the trial judge found Appellant competent to stand trial based on reports issued in January 2020 by mental health professionals.[2] After Appellant indicated he did not want to be represented by counsel and also refused to represent himself, the trial court allowed him to proceed pro se with standby counsel.

Jessica Castillo, Appellant's community supervision officer, testified she knew Appellant as "[a] prior defendant of mine on the felony caseload." She said Appellant admitted to using marijuana in February 2018 and that it was documented on a form

---

[2] In a competency evaluation, two doctors concluded that "[w]hile [Appellant's trial] strategies are idiosyncratic and likely ineffective, they do not appear to be rooted in psychotic reasoning or mental illness." Appellant does not challenge the trial court's ruling on appeal.

4

signed by Appellant.[3]  The form was admitted into evidence.[4]  Castillo also testified about Appellant's delinquency in paying probation and urinalysis fees.  During Appellant's opportunity for cross-examination, Appellant said he was "Matthew-Colter," "not 'MATTHEW COLTER LANE' spelled in all capitals which is who the Defendant is.  I am separate from the Defendant."

Bellmead Police Officer Brian Seymore next took the stand.  According to officer Seymore, Vanessa Lane stated she was assaulted by "her husband Matthew Lane" in April 2019.  Officer Seymore observed and photographed Vanessa's injuries on April 12, 2019.  During discussion of Vanessa's photos, Appellant interjected:

> I would like to say, on and for the record, that at some point some police officers took pictures of the stab wounds in my chest and my giant black eye, as well.  Let the record show that I was—I had a stab wound in the chest, and I was also taken to the hospital and treated for a serious wound.

According to Seymore's testimony, Vanessa also reported she was physically restrained by Matthew Lane inside their home and that she had to crawl out of the bathroom window to escape.  However, Officer Seymore could not say whether the individual appearing for hearing was the defendant as he had never met Appellant.  Appellant declined the opportunity to cross-examine Seymore, stating he "stand[s] on the arbitration award."

McLennan County Deputy Sheriff Royce Henley testified that in July 2019 he had attempted to arrest Appellant at his parents' home on an outstanding felony warrant;

---

[3] Despite his argument that no evidence exists "to prove a violation of probation," this admission satisfies the evidentiary minimum.

[4] Appellant's legal objection to admission of the form was that he "object[s] and protest[s] to the entire kangaroo proceeding."  That objection was overruled, and the exhibit was admitted into evidence.

Appellant fled. The following day, sheriff deputies returned to the home, and Appellant fled again. Henley said that after a two to three-hour manhunt the deputies were able to locate and arrest the Appellant. Henley personally identified Appellant as the same individual he had pursued in his execution of the felony warrant.

At the close of the State's evidence, Judge Strother gave Appellant an opportunity to present evidence of his own. Instead, Appellant contended he stood "over, not under, the Constitual [sic]—the Constitutional chartered government, the United States of America and all de facto bankrupt governments. I am a living man on the land."

Appellant did choose to present a closing argument. He reiterated his belief that he was not subject to the laws of the State. He also mentioned Vanessa by name when discussing the family violence allegations against him, saying in relevant part:

> I've been a loving father and a loving husband, and *though my wife and I did have problems, this talk about me being violent like that is insane, and the people who know me know that*, and I take personal offense at that . . . .
>
> I'm not a violent man. *Even Vanessa Lane has said that I'm not a violent man. If anything, she was the violent one*, and I stand on the arbitration award, because that's common law.

(Emphasis added).

### Analysis

We review a trial court's decision to revoke deferred adjudication community supervision and proceed to an adjudication of guilt under an abuse of discretion standard. *See Hacker v. State*, 389 S.W.3d 860 S.W.3d 860, 864-65 (Tex. Crim. App. 2013); *Cantu v. State*, 339 S.W.3d 688, 691 (Tex. App.—Fort Worth 2011, no pet.). The State must

6

prove at a revocation hearing by a preponderance of evidence that the defendant is the same individual reflected in the judgment and order of community supervision, and that the individual violated a term of community supervision as alleged in the motion to revoke. *See Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). "[T]he record need only show appellant's identity by a preponderance of the evidence, and the State need not disprove all possibilities to the contrary." *Sanders v. State*, No. 14-19-00569-CV, 2020 Tex. App. LEXIS 7735, at *9 (Tex. App.—Houston [14th Dist.] Sept. 24, 2020, no pet.) (mem. op., not designated for publication).[5]

In determining the sufficiency of the evidence, we review the evidence in the light most favorable to the trial court's ruling to determine whether there is some evidence supporting the trial court's decision*. Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979); *Herald v. State*, 67 S.W.3d 292, 293 (Tex. App.—Amarillo 2001, no pet.). In making this determination, we must keep in mind that the trial judge is the sole finder of fact and judge of the credibility of witnesses*. Johnson v. State*, 386 S.W.3d 347, 350 (Tex. App.—Amarillo 2012, no pet.). *See Arguijo v. State*, 764 S.W.2d 919, 920 (Tex. App.—Corpus Christi 1989, no pet.). The trial court may accept or reject any or all of the witness' testimony. *Lively v. State*, 338 S.W.3d 140, 146 (Tex. App.—Texarkana 2011, no pet.).

---

[5] In the context of a revocation proceeding, a "preponderance of evidence" means "that greater weight of the credible evidence which could create a reasonable belief that the defendant has violated a condition of his [community supervision]. *Hacker*, 389 S.W.3d at 865.

On appeal, Appellant argues there is no evidence to show that he is, in fact, the "Matthew Lane" who was placed on community supervision deferred adjudication in 2016. We disagree.

The evidence, under the proper standard of review, permitted the trial court to find by a preponderance of the evidence that Appellant is one in the same as the Matthew Colter Lane who was the subject of the community supervision conditions and terms. The record makes clear that Judge Strother was very familiar with Appellant after having conducted extensive criminal proceedings involving Appellant that spanned both the initial indictment, guilty plea, and imposition of community supervision in 2016, as well as the present revocation/adjudication hearing. In addition, Castillo, Appellant's community supervision officer, identified Appellant as being "[a] prior defendant of mine on the felony caseload." Appellant admitted to Castillo that he had used marijuana in February 2018.

From the records and testimony of Officer Seymore, the evidence also shows that in 2015, Vanessa Lane was the spouse of Matthew Colter Lane when he intentionally, knowingly, and recklessly impeded the normal breathing or circulation of the blood of Vanessa Lane by applying pressure to her neck or throat. In April 2019, a person named Vanessa Lane reported to law enforcement that her husband, "Matthew Lane," attempted to strangle her. Both offenses occurred in McLennan County, Texas, involving the same parties' names, and in the same manner of assaultive conduct. These similarities proved a sufficient nexus under the circumstances for the trial court to have found Appellant to be the same Matthew Lane who is subject to the community supervision order.

Finally, Appellant's repeated in-court outbursts could independently serve as an admission that Appellant is Matthew Lane. Appellant responded to photographs of Vanessa's 2019 injuries by encouraging the trial court to look at photographs of "my" injuries, as well. Moreover, during closing, Appellant identified his struggles with "Vanessa Lane" within the context of allegations of family violence, and in attempting to shift responsibility to her as "the violent one."

Considering all the above facts and circumstances in the light most favorable to the judgment, and deferring to the court's role as factfinder, we cannot say the trial court abused its discretion in implicitly finding, by the greater weight of the credible evidence, that Appellant is the same person as the Matthew Colter Lane identified in the 2016 order of deferred adjudication community supervision. *See Tillman v. State*, No. 14-98-00101-CR, 1999 Tex. App. LEXIS 5170, at *5 (Tex. App.—Houston [14th Dist.] July 15, 1999, no pet.) (mem. op., not designated for publication). Accordingly, we overrule the Appellant's single issue.

Conclusion

The trial court's judgment is affirmed.

Lawrence M. Doss
Justice

Do not publish.

9