David Earl COMBS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0206–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 7, 1983.

Gladys Goffney, Carol Carrier, Houston, for appellant.

John Holmes, Dist. Atty., Houston, for appellee.

Before BASS and JACK SMITH, JJ.

## OPINION

BASS, Justice.

By opinion filed February 4, 1982, this court reversed appellant's conviction for murder, and remanded the cause for a new trial. No. 01–81–0206–CR. Thereafter, the State filed a petition for discretionary review, which was granted, and the Court of Criminal Appeals, 643 S.W.2d 709, by its decision delivered December 8, 1982, reversed the judgment of this court, 631 S.W.2d 534, and remanded the cause for our consideration of grounds of error one, five, six, eight, nine and ten.

Appellant complains in his first ground of error that the trial court misdirected the jury on the law, in that the court refused to charge the jury on voluntary manslaughter despite the fact that evidence had been introduced raising the issue of adequate cause. Both the State and the defense introduced evidence that defendant was upset because the infant decedent had a bowel movement, causing him to have to give her a bath. Appellant argues that there was sufficient evidence to support the submission of such a charge "because of provocation from the complainant, the deceased, a two-year-old child having dirtied her panties or messed on herself, which caused said defendant to react by drowning her in the bathtub."

 Appellant was not entitled to an instruction on the lesser-included offense of voluntary manslaughter, because there was inadequate cause from which the requisite "sudden passion" could have arisen. Voluntary manslaughter is homicide committed under the immediate influence of sudden passion arising from an adequate cause, but neither justified nor excused by law. *Hanks v. State,* 542 S.W.2d 413 (Tex.Cr. App.1976). The crime of voluntary manslaughter is predicated upon "adequate cause," which is the essential element. *Witty v. State,* 75 Tex.Cr.R. 440, 171 S.W. 229 (1915).

 In *McCartney v. State,* 542 S.W.2d 156 (Tex.Cr.App.1976), presiding Judge Onion, writing for a unanimous Court, explicated the test used to determine the adequacy of cause giving rise to sudden passion:

[Quoting from the Practice Commentary accompanying § 19.05 Tex.Penal Code Ann. (Vernon 1979)] 'the definition of adequate cause in § 19.04(c) is both objective and subjective. It is objective because it views the alleged provocation through the eyes of the ordinary man; it is subjective because the fact-finder must view from the actor's standpoint in order to determine the condition of the mind of the accused at the time of the defense, which is necessitated by the mens rea requirement and emphasized by § 19.06, from which the quoted phrase is taken.

The only Texas case found that alluded to the objective-subjective nature of the adequate cause definition, *Zimmerman v. State,* 85 Tex.Cr.[R.] 630, 215 S.W. 101 (1919), affirmed that *it is the ordinary man's response to the alleged provocation that is material, not the epileptic defendant's, but that the jury must place the ordinary man in the defendant's situation.* (*Zimmerman* is unsatisfactory on this issue because the main defense was insanity, defendant at trial did not request a charge on his epileptic condition as bearing on the adequate cause issue, and only on appeal did he raise the issue, apparently as an afterthought.) Most jurisdictions have applied the common law's ordinary man test, however, thus *ruling out conditions peculiar to the individual defendant that arguably make him easier to provoke.* [Emphasis added.]"

An instruction on manslaughter is properly refused where there is no evidence whatever of adequate cause. *McCartney, supra.*

Appellant's first ground of error is overruled.

■ Appellant alleges in his fifth ground of error that the trial court erred in denying his motion for release on personal bond, because the evidence showed that: (1) the appellant was, at the time of his arrest, a resident of Houston, Texas; (2) he had resided therein for most of his life; and (3) there was no controverting evidence to show that the appellant would, if released on personal bond, be a person likely to abscond from the jurisdiction of the court.

The substance of appellant's complaint in this ground of error was considered and denied by the Court of Criminal Appeals in *Ex Parte Trillo,* 540 S.W.2d 728 (Tex.Cr. App.1976), wherein Judge Roberts wrote for the Court that the granting of a personal bond is a matter entirely within the discretion of the court before whom the case is pending, citing Art. 17.03 Tex.Code Crim.Pro.Ann. (Vernon 1979).

The court, in *Trillo,* declined to hold that a personal bond must be granted in a case such as the one before it, since to do so would violate the clear language and intent of Article 17.03, making the decision to grant a personal bond discretionary with the trial court.

Appellant's fifth ground of error is overruled.

■ Appellant argues in his sixth ground of error that the trial court erred in sentencing him to 20 years confinement because the evidence showed that (1) he was eligible for probation, (2) he had never been convicted of a felony in the State of Texas or any other State, (3) if admitted to felony adult probation, he could abide by the terms and conditions of probation, and (4) he would not be a threat to either himself or to society if admitted to probation. He complains that the jury's assessment of punishment constituted "cruel and unusual punishment."

Murder is a felony of the first degree. Section 19.02(b) Tex.Penal Code Ann. (Vernon 1979). The available range of punishment for conviction for a first degree felony is set out in § 12.32:

(a) An individual adjudged guilty of a felony of the first degree shall be punished by confinement in the Texas Department of Corrections for life or for any term of years of not more than ninety-nine years or less than five years.

(b) In addition to imprisonment, an individual adjudged guilty of a felony of the first degree may be punished by a fine not to exceed $10,000.00.

The punishment of twenty years imprisonment assessed by the jury is clearly within the statutory limits of punishment available upon conviction for first degree felonies. Where the punishment assessed by the judge or jury is within the limits prescribed by the statute, that punishment is not cruel and unusual within the constitutional prohibition. *Samuel v. State,* 477 S.W.2d 611 (Tex.Cr.App.1972).

Appellant's sixth ground of error is overruled.

■ Appellant contends in his eighth and tenth grounds of error that the trial court erred in overruling his motion for an

instructed verdict at the close of all the evidence, because the State failed to prove that he knowingly or intentionally drowned Tracy Bennett.

Where appellant does not brief a ground of error, it will not be reviewed on appeal. Art. 40.09 § 9 Tex.Code Crim.Pro.Ann. (Vernon 1982); *Hefley v. State,* 489 S.W.2d 115 (Tex.Cr.App.1973); *Zuniga v. State,* 490 S.W.2d 577 (Tex.Cr.App.1973). Nevertheless, we will address appellant's contentions.

In addition to the admission by appellant in his confession that he drowned Tracy Bennett, Renee Bennett testified that appellant held Tracy's head under water and drowned her when she defecated on herself. Renee further testified that appellant tried to drown their brother, and threatened to drown her if she told on him.

James Bennett testified that appellant put Tracy in the tub and held her head under the water with his hand. He testified that appellant threatened to drown him if he told anybody about it.

The Court of Criminal Appeals, in its decision on petition for discretionary review, accepted the testimony of Dr. Bucklin, James Bennett and Renee Bennett, mooting appellant's contentions.

Appellant's eighth and tenth grounds of error are overruled.

Appellant sets forth, in his ninth ground of error, the contention that the trial court erred in not instructing the jury to disregard the testimony of the witness, James Bennett, since the evidence showed that the witness' testimony contained prior inconsistent statements, thus raising the issue of the credibility of the witness.

■ Appellant cites no relevant authority for the proposition that a trial court should instruct a jury, acting as the trier of fact, to disregard the testimony of a witness. At the guilt/innocence phase of the trial, the trial court instructed the jury that it was the exclusive judge of the facts proved, of the credibility of the witnesses, and of the weight to be given their testimony. This instruction is a reiteration of the language of Art. 38.04 Tex.Code Crim.Pro.Ann. (Ver-

non 1979), and should be included in every jury charge in a criminal case. *Howard v. State,* 420 S.W.2d 706 (Tex.Cr.App.1967).

■ The jury, as the trier of fact, must reconcile all conflicts of evidence, and if they cannot, they may credit such testimony as is, in their opinion, most entitled to belief. They are not bound to believe the testimony of a witness merely because it is uncontradicted, nor to disbelieve it because it has been impeached. It is within their province to determine what testimony shall be believed and what shall be disregarded. *Johnson v. State,* 571 S.W.2d 170 (Tex.Cr.App.1978).

Appellant's ninth ground of error is overruled.

The Court of Criminal Appeals' decision upon petition for discretionary review, as to grounds of error 2, 3, 4, and 7, and this opinion on remand, as to grounds of error 1, 5, 6, 8, 9, and 10, dispose of all grounds of error presented.

The judgment of the trial court is affirmed.