**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

3/9/15

**DORIAN E. RAMIREZ, CLERK**
BY DTello 13th

ACCEPTED
13-14-00677-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
3/8/2015 11:44:41 PM
DORIAN RAMIREZ
CLERK

# COURT OF APPEALS

# SUPREME JUDICIAL DISTRICT OF TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
3/9/2015 8:00:00 AM
DORIAN E. RAMIREZ

# CORPUS CHRISTI, TEXAS

## CASE NOs. 13-14-00677-CR, 13-14-00678-CR and 13-14-00679-CR
## Tr.Ct.Nos. 12-CR-2404-C, 13-CR-0268-C and 13-CR-3675-C

JOHN DOUGLAS HOUSTON
APPELLANT

VS.

THE STATE OF TEXAS APPELLEE

Appealed from the 94th Judicial District Court

Nueces County, Texas

## APPELLANT'S BRIEF

RANDALL E. PRETZER, PLLC

State Bar No. 16279300

P.O. Box 18993

Corpus Christi, Texas 78480

BUS: (361) 883-0499

FAX: (361) 883-2290

E-Mail: RPretzer@Clearwire.net

ATTORNEY FOR APPELLANT

**IDENTITY OF PARTIES AND COUNSEL**

**JUDGE PRESIDING**

THE HONORABLE BOBBY GALVAN

94TH JUDICIAL DISTRICT COURT

901 LEOPARD STREET

CORPUS CHRISTI, TEXAS 78401

**COUNSEL FOR THE STATE**

MR. LEO HENRY GONZALEZ

ASSISTANT DISTRICT ATTORNEY

901 LEOPARD STREET

CORPUS CHRISTI, TEXAS 78401

**APPELLANT**

MR. JOHN DOUGLAS HOUSTON

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

**APPELLANT'S COUNSEL**

MR. RANDALL E. PRETZER, PLLC

ATTORNEY FOR APPELLANT

P.O. BOX 18993

CORPUS CHRISTI, TEXAS 78480

## TABLE OF CONTENTS

<u>**Page**</u>

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . ii-iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE . . . . . . . . . . . . . . 1-2

STATEMENT OF FACTS . . . . . . . . . . . . . . . 2-8

SUMMARY OF THE FIRST ARGUMENT . . . . . . . . . . 8

FIRST POINT OF ERROR . . . . . . . . . . . . . . 8

### FIRST POINT OF ERROR

THE STATE FAILED TO PROVE BY A PREPONDERANCE OF THE

EVIDENCE THAT APPELLANT COMMITTED THE OFFENSES AS SET

FORTH IN THE

### MOTIONS TO REVOKE PROBATION.

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . 8-9

SUMMARY OF THE SECOND ARGUMENT . . . . . . . . . . 9-10

SECOND POINT OF ERROR . . . . . . . . . . . . . . 10

### SECOND POINT OF ERROR

THE PUNISHMENT ASSESSED BY THE JUDGE DURING THE

SENTENCING PHASE OF THE MOTIONS TO REVOKE

PROBATION WAS DISPROPORTIONATE TO THE

SERIOUSNESS OF THE ALLEGED OFFENSE, ALL IN

VIOLATION OF THE EIGHTH AND FOURTEENTH

AMENDMENTS OF THE UNITED STATES CONSTITUTION.

ARGUMENT AND AUTHORITIES . . . . . . . . . . . 10-20

PRAYER FOR RELIEF . . . . . . . . . . . . . . . 20

CERTIFICATE OF SERVICE . . . . . . . . . . . . 21

CERTIFICATE OF COMPLIANCE, RULE 9.4(i), TRAP . . 21

# INDEX OF AUTHORITIES

**Cases:**                                                    **Page**

Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983) . . . . . . . . . . . . . . . . . . . . . . . . 10

Combs v. State, 652 S.W.2d 804, 806 (Tex.App.— Houston [1st Dist.] 1983, no pet.) . . . . . . . . 10

Swenney v. State, 828 S.W.2d 254,258 (Tex. App.— Houston [1st Dist.] 1992) . . . . . . . . . . . . . . 11

Lovejoy v. Lillie, 569 S.W.2d 501, 503 (Tex. Civ. App. — Tyler 1978, writ ref'd n.r.e.) . . . . . . . 11

Houston Chronicle Publishing Co. v. City of Houston, 531 S.W.2d 177 (Tex. Civ. App. — Houston [14th Dist.] 1975), writ ref'd n.r.e., 536 S.W.2d 559 (Tex. 1976) . . . . . . . . . . . . . . . . . . . . . . 11

Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2nd 758 (1962) . . . . . . . . . . . . . . . 11

Marbury v. Madison, 1 Cranch 137, 2 L.Ed. 60 (1803) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976) . . . . . . . . . . . 13

Coker v. Georgia, 433 U.S. 584, 592, 97 S.Ct. 2861, 2866, 53 L.Ed.2d 982 (1977) . . . . . . . . . . . 13

Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed. 2d 637 (1983) . . . . . . . . . . . . . . . . . . 13

Harmelin v. Michigan, 111 S.Ct. 2680 (1991), 115 L.Ed.2d 836 (1991). . . . . . . . . . . . . . . . . . 14

COURT OF APPEALS

13th SUPREME JUDICIAL DISTRICT OF TEXAS

CORPUS CHRISTI, TEXAS

CASE NOs. 13-14-00677-CR, 13-14-00678-CR and
13-14-00679-CR
Tr.Ct.Nos. 12-CR-2404-C, 13-CR-0268-C and
13-CR-3675-C

| | | |
|---|---|---|
| JOHN | DOUGLAS | HOUSTON |
| APPELLANT | | |
| | VS. | |
| THE STATE OF TEXAS | | APPELLEE |

Appealed from the 94th Judicial District Court

Nueces County, Texas

_____

APPELLANT'S BRIEF
_____

TO THE HONORABLE 13th COURT OF APPEALS:

<u>STATEMENT OF THE CASE</u>`

Previously on or about June 9, 2014, the state filed with the Clerk of Nueces County, Texas, <u>Original Motions to Revoke Probation</u> (MTR) under Cause Numbers 12-CR-2404-C, 13-CR-0268-C and 13-CR-3675-C. On September 18, 2014, the court held a hearing

1

simultaneously on all three MTR's wherein Appellant pled NOT true to all four counts labeled (1), (1), (1) and (2) which were identical in each cause number and thus for efficiency Appellant will reference any page numbers under Cause No. 12-CR-2404-C. (RR, Vol. 1, pp. 7-11). After listening to testimony of all witnesses and argument from the state and Appellant, the court found all counts set forth under each cause number to be true. (RR, Vol. 3, page 77). Thereafter, the court sentenced Appellant to ten (10) years in prison in each case, all sentences to run concurrently since the court did not specifically order that they run consecutively. (RR, Vol. 1, pp. 78-79).

Appellant perfected his appeal in each case by filing in writing his Notices of Appeal, on October 6, 2014 under Cause Nos. 12-CR-2404-C, 13-CR-0268-C and 13-CR-3675-C.

## STATEMENT OF FACTS

Again, on March 27, 2012, the state filed with the Clerk of Nueces County, Texas, an <u>Original Motion to Revoke Probation</u> (MTR) under Cause Numbers 12-CR-2404-C, 13-CR-0268-C and 13-CR-3675-C.

Again, on September 18, 2014, the court held a hearing simultaneously on all three MTR's wherein Appellant pled <u>NOT</u> true to all four counts labeled (1), (1), (1) and (2) which were identical in each cause number and thus for efficiency Appellant will reference any page numbers under Cause No. 12-CR-2404-C. (RR, Vol. 1, pp. 7-11).

During the evidentiary hearing the state called several witnesses to prove those allegations to which Appellant pled <u>NOT</u> true. The first witness called by the state was Officer David Alfaro, who testified as follows: that on April 27, 2014, he was on duty with Officer Villagomez; that on that evening he and Officer Villagomez made a traffic stop with the driver of a car

3

since that driver was in violation of the law by using his cell phone while operating a motor vehicle; that the driver was the Appellant who had no drivers license or proof of automobile insurance; that accordingly the car would be impounded and the Appellant was asked to step out of the car; that he conducted a "pat-down" search of Appellant for the possibility of any weapons; that he observed a clear plastic baggy on the driver's side of the car which appeared to contain a crystal-like material which may have been a controlled substance; that Officer Villagomez also found two small packages of possible controlled substances in the same car; that the officers also found another bag which contained synthetic marijuana; that in addition they found $1,038.00 in Appellant's right rear pocket; that there was a front passenger in the vehicle at the time of the stop, but that the drugs were found on the driver's side of the same vehicle; that there were no recordings, video or audio, of this incident; and, that the officer did not know if the state had yet indicted

the Appellant for these alleged offenses. (RR, Vol. 3, pp. 13-24).

Thereafter, the state called Officer Daryl Anderson who testified as follows: that he assisted Officers Alfaro and Villagomez with the inventory of the car Appellant had driven; that he had also found a bag underneath the driver's side of the vehicle; that in this bag he found some plastic bag, one of which contained a substance which field-tested for cocaine; that he related to the court his opinion that the field-test was very reliable; and, that he confirmed that Appellant did have cash on his person in the amount, more or less, as stated by the initial arresting officers. (RR, Vol. 3, pp. 24-31).

Thereafter, the state called its last witness, Officer Reynaldo Tamez, who testified as follows: that in July 2014 he was assisting the U.S. Marshals in arresting those who had outstanding warrants and who were classified as be violent subjects; that he assisted the same Marshals in pursuing Appellant, along

5

with others, in a foot pursuit; that he apprehended Appellant; that in the car and trailer from which he fled, the Marshals found various financial instruments which had previously stolen from three individuals under burglary of their individual vehicles; that there was another individual who fled from the car, but he and the Marshals did not find him; and, that no one found Appellant's fingerprints on these financial instruments, since neither the police nor Marshals made an effort to lift any print samples. (RR, Vol. 3, pp. 31-44).

The state then rested its case.

Appellant elected to testify and after being duly sworn, stated the following: that the cash found on his person by the police was from his paycheck that he earned as an electrical engineer with Central P Recordings; that he was paid every two weeks in a gross of about $1,700.00; that he knew nothing about the alleged illegal drugs extracted from the vehicle; that regarding the incident with the U.S. Marshal's office,

he had no idea who those officers were at that time, since they never flashed any police lights from their car, never showed any badges, and were not dressed in any uniforms which might indicate they were officers of the law; that one man pointed a gun at him and accordingly he fled in fright not wanting to be shot by these strange men who were not in uniform, showing any badges, or flashing any police lights from their vehicle; that when he finally saw police in uniforms and overt identifications, he then laid on the ground and put his hands behind his body; that when questioned by the state regarding the incident with the drugs in the car, Appellant related that the car was not his and that he had driven it for maybe ten (10) minutes before being arrested; that when he was pursued by the Marshals, that vehicle was not his and he had driven it for only a short time; and, under cross-examination by the state, Appellant again stated that he knew nothing about the stolen financial instruments and nothing

7

about the drugs in the other vehicle. (RR, Vol. 3, pp. 45-76).

The Appellant and state rested.

The court listen to argument from the state and Appellant regarding findings and disposition. Thereafter, the court found that all counts set forth under each cause number to be true. (RR, Vol. 3, page 77). Accordingly, the court sentenced Appellant to ten (10) years in prison in each case, all sentences to run concurrently since the court did not specifically order that they run consecutively. (RR, Vol. 1, page 78-79).

## SUMARY OF THE FIRST ARGUMENT

The state did not provide sufficient evidence to prove by a preponderance of such evidence that Appellant was, in fact, criminally involved in those allegations set forth in counts (1), (1), (1) and (2) of the <u>Motions to Revoke Probation</u>.

## FIRST POINT OF ERROR

8

**THE STATE FAILED TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT APPELLANT COMMITTED THE OFFENSES AS SET FORTH IN THE <u>MOTIONS TO REVOKE PROBATION</u>.**

## ARGUMENT AND AUTHORITIES

The honorable 13th Court of Appeals will note that the Appellant related in his testimony that he was, in fact, in the wrong place at the wrong time as rightly stated (admitted?) by the prosecution in his cross-examination. The Appellant testified that he was not the owner of the two vehicles involved in the allegations. Appellant specifically denied any knowledge of the drugs or stolen financial documents. Appellant never had any drugs or stolen financial documents on his person. Appellant fled when he a man pointed a gun at him, such man <u>NOT</u> (according to his testimony) being in uniform, never displaying a badge, and never turning on police lights. Finally, Appellant related to the court that the $1,038.00 found in his back pocket was money he had earned working as an

electrical engineer for a recording company. Accordingly, it was Appellant's position that his rebuttal evidence negated any finding of TRUE under the standard of preponderance of evidence, all in violation of the 5th and 14th Amendments of the U.S. Constitution.

## SUMMARY OF THE SECOND ARGUMENT

The sentence imposed by the judge was excessive and disproportionate to the offenses committed in each case and thus violated the 8th and 14th Amendments of the U.S. Constitution.

## SECOND POINT OF ERROR

THE PUNISHMENT ASSESSED BY THE JUDGE DURING THE SENTENCING PHASE OF THE MOTIONS TO REVOKE PROBATION WAS DISPROPORTIONATE TO THE SERIOUSNESS OF THE ALLEGED OFFENSES, ALL IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

10

## ARGUMENT AND AUTHORITIES

Appellant notes that under the previous rulings of the Texas Court of Criminal Appeals, an appeal prefaced on the grounds of disproportionate punishment <u>may</u> be frivolous. <u>Harris v. State</u>, 656 S.W.2d 481, 486 (Tex.Crim.App.1983); <u>Combs v. State,</u> 652 S.W.2d 804, 806 (Tex. App.-- Houston [1st Dist.] 1983, no pet.). However, Appellant raised this specific issue to ensure there was no waiver of an anticipatory claim of disproportionate punishment in Federal Court. <u>See</u> <u>Swenney v. State</u>, 828 S.W.2d 254, 258 (Tex. App.— Houston [1st Dist.] 1992). Clearly, it was within a court's power to review a sentence imposed by judge or jury and to determine whether such sentence passed constitutional muster, even if no objections were made during trial. <u>Lovejoy v. Lillie</u>, 569 S.W.2d 501, 503 (Tex. Civ. App. — Tyler 1978, writ ref'd n.r.e.); <u>Houston Chronicle Publishing Co. v. City of Houston</u>, 531 S.W.2d 177 (Tex. Civ. App. — Houston [14th Dist.]

11

1975), writ ref'd n.r.e., 536 S.W.2d 559 (Tex. 1976). Accordingly, the issue was one of <u>PROPORTIONALITY</u>.

The Eighth Amendment of the Constitution of the United States provides as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." <u>Robinson v. California</u>, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2nd 758 (1962), held that the Eighth Amendment was applicable to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment of the United States Constitution. <u>Marbury v. Madison</u>, 1 Cranch 137, 2 L.Ed. 60 (1803), concluded that it was within the powers and duties of the judicial branch of our government to determine what was the law and whether or not a law was constitutional. <u>Clearly, it was within a court's power to review a sentence imposed by judge or jury and to determine whether such sentence passed constitutional muster.</u> Though the Trial Court had imposed a ten (10) year prison sentence under each cause number, such sentences

12

to run concurrently, this did not mean _ipso_ _facto_ that any sentence within the range of punishment was exempt from constitutional scrutiny simply because that was what a legislative body authorized courts and juries to impose -- obviously such an argument is circular in its construction. If such were the case, then any state legislature could with complete impunity pass Draconian laws, for example, that made overtime parking an offense punishable by life imprisonment.

In previous decisions the United States Supreme Court concluded that the Eighth Amendment's bar to cruel and unusual punishments was an evolving standard which proscribed needless or barbaric infliction of pain and sanctions which were disproportionate to the severity of a crime. Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976); Coker v. Georgia, 433 U.S. 584, 592, 97 S.Ct. 2861, 2866, 53 L.Ed.2d 982 (1977). Accordingly, in a 1983 U.S. Supreme Court decision, the justices set forth certain standards by which appellate courts might objectively

review court or jury assessed punishments to determine if they violated the proscriptions of the Eighth Amendment. Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). The objective standards set forth in Solem were as follows:

1. "the gravity of the offense and the harshness of the penalty," 463 U.S., at 290-291, 103 S.Ct., at 3009-3010;

2. "the sentences imposed on other criminals in the same jurisdiction," id., at 291, 103 S.Ct., at 3010; and,

3. "the sentences imposed for commission of the same crime in other jurisdictions," id. at 219-292, 103 S.Ct., at 3010.

However, in a U.S. Supreme Court decision, the Justices, by a 5-4 majority, chose to limit the application of the standards in Solem and stated that there was no proportionality guarantee (possibly with the exception of death penalty cases) in the Eight Amendment. Harmelin v. Michigan, 111 S.Ct. 2680 (1991),

14

115 L.Ed.2d 836 (1991). Regardless, it was Appellant's position that the majority in <u>Harmelin</u> recognized that indeed the Eighth Amendment provided a limited proportionality component when Justice Scalia stated as follows:

"We think it enough that those who framed and approved the Federal Constitution chose, for whatever reason, not to include within it the guarantee against disproportionate sentences that some State Constitutions contained. It is worth noting, however, that there was good reason for that choice -- a reason that reinforces the necessity of overruling <u>Solem</u>. While there are relatively clear historical guidelines and accepted practices that enable judges to determine which <u>modes</u> (emphasis added) of punishment are "cruel and unusual," <u>proportionality</u> (emphasis added) does not lend itself to such analysis. Neither

congress nor any state legislature has ever set out with the objective of crafting a penalty that is "disproportionate," yet as some of the examples mentioned above indicate, many enacted dispositions seem to be so -- because they were made for other times or other places, with different social attitudes, different criminal epidemics, different public fears, and different prevailing theories of penology. <u>That is not to say that there are no absolutes; one can imagine extreme examples that no rational person, in any time or place could accept. But for the same reason these examples are easy to decide, they are certain never to occur</u> (emphasis added). <u>Harmelin</u>, at 111 S.Ct., at 2696-2697.

Appellant concedes that <u>Harmelin</u>, may have narrowed, though not necessarily eliminated, the proportionality component of the Eighth Amendment.

However, _Harmelin_ did not provide any new objective standards by which to review and reverse those "examples" which "are easy to decide" other than Justice Kennedy's conclusion that the first objective standard in Solem (the gravity of the offense and the harshness of the penalty) shall be the initial hurdle that a reviewing court must overcome before ever considering the remaining standards two and three in _Solem_. _Harmelin_, 111 S.Ct., at 2707. Accordingly, Appellant contends that in reality _Harmelin_ has no language prohibiting appellate courts from reviewing the constitutionality of a particular punishment in the light of concepts of proportionality set forth in _Solem_. To contend now that proportionality was now so narrow that it was without meaning (with the exception of death penalty cases, _Harmelin_ at 111 S.Ct. at 2701), that lawmakers may run amok enacting reactionary legislation, and that judges or juries may impose sentences with absolute immunity from judicial review, was difficult to comprehend when you consider our

17

national and historical deference to fundamental governmental concepts of separation of powers, and checks and balances.

The concept of proportionality was ancient and fundamental to the jurisprudence of emerging world civilizations. The concept of limiting the penal sanction through proportionality predates Magna Carta or English Common Law and can be found in the Code of Hammurabi which placed limits on punishment by proscribing an eye for an eye, a tooth for a tooth, or more concisely: no more than an eye for an eye, and no more than a tooth for a tooth. Accordingly, Appellant contended that despite the 5-4 decision in Harmelin, the appellate courts should examine case law that attempted to provide rational standards for reviewing particular punishments in determining whether particular penal sanctions were disproportionate to the severity of a particular crime.

As previously mentioned, the United States Supreme Court in Solem established three major factors for

18

consideration and application in determining whether a punishment violated the Eighth Amendment's "cruel and unusual" proscriptions. In Appellant's particular case, the punishment assessed by the court of a ten (10) year prison sentence under each cause number, such sentences to run concurrently, was excessive and clearly should be reserved for more heinous offenders so that such a sanction was meaningful under concepts of retribution and deterrence.

If this honorable Court of Appeals applied the facts of Appellant's case to those three standards set forth in <u>Solem</u> it could move through the first <u>threshold</u> standard (the gravity of the offense and the harshness of the penalty -- now required by <u>Harmelin</u>); find that proportionality was an issue; conclude that statistically intrastate sentences, from judges or juries, would not be as harsh; and, further conclude that the same intrastate statistics would apply to interstate sentences.

The Court's imposition of a ten (10) year prison sentence under each cause number, such sentences to run concurrently, violated the punishment proscriptions of the Eighth Amendment of the United States Constitution as applied to the various States by the Fourteenth Amendment, and warrants at least a new punishment hearing for Appellant in the trial Court.  Again, this honorable Court of Appeals will recall that during the findings phase of the hearing that the court could have found that Appellant's rendition of the drug case and then the financial instruments case were not unreasonable and constituted his version of the events wherein he was in fact in the wrong place at the wrong time – a predicament that many individuals have experienced. Regardless, the Appellant had been on community supervision for a very short period of time and considering his not irrational version of the events he should be returned to community supervision and placed on intensive supervision for probable substance abuse issues.

## PRAYER FOR RELIEF

For **ALL** the reasons stated above, Appellant respectfully requests that the honorable 13th Court of Appeals reverse the trial court's judgment, set aside the sentence of Appellant, and remand the case back to court for a new sentencing hearing, or reverse the sentencing portion of the trial and render an order returning Appellate forthwith to probation status under any terms and conditions set by the trial court to include intensive supervision for probably substance abuse issues.

RESPECTFULLY SUBMITTED:


/S/   Randall E. Pretzer
Randall E. Pretzer, PLLC
Attorney for Appellant
State Bar No. 16279300
P.O. Box 18993
Corpus Christi, Texas 78480
BUS: (361) 883-0499
FAX: (361) 883-2290
E-Mail: RPretzer@Clearwire.net


## CERTIFICATE OF SERVICE

21

I certify that a true and correct copy of Appellant's Brief was delivered to Nueces County District Attorney's Office, 901 Leopard Street, Corpus Christi, Texas 78401, by hand-delivery on February 10, 2015.

<u>/S/ Randall E. Pretzer</u>
Randall E. Pretzer, PLLC
Attorney for Appellant

## <u>CERTIFICATE OF COMPLIANCE</u><br><u>UNDER RULE 9.4 (i), TRAP</u>

Please be advised that in compliance with <u>Texas Rule of Appellate Procedure</u> 9.4(i)(3), as amended, I certify that the number of words in this brief, excluding those matters listed in Rule 94 (i)(1), is <u>2,979</u> as per the computer count.

<u>/S/ Randall E. Pretzer</u>
Randall E. Pretzer, PLLC
Attorney for Appellant