# PD-0920-15

PD-0920-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/21/2015 8:28:28 PM
Accepted 7/22/2015 5:01:42 PM
ABEL ACOSTA
CLERK

## COURT OF CRIMINAL APPEALS

## OF TEXAS

## CORPUS CHRISTI, TEXAS

---

**CIPRIANO GONZALEZ**          **APPELLANT**

**V.**

**THE STATE OF TEXAS**          **APPELLEE**

---

Petition in Cause No.13-14-00308-CR

Tr. Ct. No. 10-CR-2815-F

214TH District Court of Nueces County, Texas,

and the 13th Court of Appeals,

Corpus Christi, Texas

---

## PETITION FOR DISCRETIONARY REVIEW

---

**RANDALL E. PRETZER**

State Bar No. 16279300

P.O. Box 18993

Corpus Christi, Texas 78480

BUS: (361) 883-0499

FAX: (361) 883-2290

E-Mail: repretzer@gmail.com

**ATTORNEY FOR APPELLANT**

FILED IN
COURT OF CRIMINAL APPEALS

July 22, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

### JUDGE PRESIDING

THE HONORABLE JOSE LONGORIA

214ST JUDICIAL DISTRICT COURT

901 LEOPARD STREET

CORPUS CHRISTI, TEXAS 78401

### COUNSEL FOR THE STATE

MS. ASHLEY EARL

ASSISTANT DISTRICT ATTORNEY

901 LEOPARD STREET

CORPUS CHRISTI, TEXAS 78401

### APPELLANT

MR. CIPRIANO GONZALEZ

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

STATE JAIL DIVISION

### APPELLANT'S COUNSEL

MR. RANDALL E. PRETZER, PLLC

ATTORNEY FOR APPELLANT

P.O. BOX 18993

CORPUS CHRISTI, TEXAS 78480

i

# TABLE OF CONTENTS

                                                    **Page**

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . ii-iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . iv-v

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . vi

PROCEDURAL HISTORY . . . . . . . . . . . . . . . 1-2

STATEMENT OF THE CASE . . . . . . . . . . . . . . 2-3

STATEMENT OF FACTS (MTR HEARING ON THE MERITS). . 3-6

FIRST GROUND FOR REVIEW . . . . . . . . . . . . . 6

## FIRST GROUND FOR REVIEW

THE COURT OF APPEALS ERRED WHEN IT FAILED TO FIND THAT THE  EVIDENCE INTRODUCED DURING THE MTR HEARING REGARDING THE ALLEGATION OF ASSAULT CAUSING BODILY INJURY WAS FACTUALLY INSUFFICIENT TO SUPPORT THE COURT'S FINDING BY A PREPONDERANCE OF THE EVIDENCE THAT SUCH ALLEGATION WAS TRUE.

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . 6

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . 6-7

SECOND GROUND FOR REVIEW . . . . . . . . . . . . 7-8

## SECOND GROUND FOR REVIEW

THE COURT OF APPEALS ERRED WHEN IT FAILED TO FIND THAT THE PUNISHMENT ASSESSED BY THE JUDGE DURING SENTENCING PHASE OF THE MTR WAS DISPROPORTIONATE TO THE SERIOUSNESS OF THE ALLEGED OFFENSE, ALL IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . 8

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . 8-17

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . 17-18

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . 18

CERTIFICATE OF COMPLIANCE, RULE 9.4(i), TRAP . . 19

APPENDIX . . . . . . . . . . . . . . . . . . . . . 20

# INDEX OF AUTHORITIES

**Cases:**                                                                  **Page**

Harris v. State, 656 S.W.2d 481, 486(Tex.Crim. App.

  1983) . . . . . . . . . . . . . . . . . . . . . . . . . 9

Combs v. State, 652 S.W.2d 804, 806 (Tex. App.—

  Houston [1st Dist.] 1983, no pet.) . . . . . . . . . 9

Swenney v. State, 828 S.W.2d 254, 258 (Tex.

  App.—Houston [1st Dist.] 1992) . . . . . . . . . . 9

Lovejoy v. Lillie, 569 S.W.2d 501, 503 (Tex. Civ.

  App.  — Tyler 1978, writ ref'd n.r.e.) . . . . . . 9

Houston Chronicle Publishing Co. v. City of Houston,

  531 S.W.2d 177 (Tex. Civ. App. — Houston [14th Dist.]

  1975), writ ref'd n.r.e.,536 S.W.2d 559 (Tex.1976). 9

Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417,

  8 L.Ed.2nd 758 (1962) . . . . . . . . . . . . . . . 10

Marbury v. Madison, 1 Cranch 137, 2 L.Ed. 60 (1803). 10

Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct.

  2909, 2925, 49 L.Ed.2d 859 (1976) . . . . . . . . . 11

Coker v. Georgia, 433 U.S. 584, 592, 97 S.Ct

  2861, 2866, 53 L.Ed.2d 982 (1977) . . . . . . . . . 11

<u>Solem v. Helm</u>, 463 U.S. 277, 103 S.Ct. 3001, 77

 L.Ed.2d 637 (1983)  . . . . . . . . . . . . . . . . 11

<u>Harmelin v. Michigan</u>, 111 S.Ct. 2680 (1991),

 115 L.Ed.2d 836 (1991)  . . . . . . . . . . . . . 12

## STATEMENT REGARDING ORAL ARGUMENT

Appellant waives oral argument.

# COURT OF CRIMINAL APPEALS

## OF TEXAS

## CORPUS CHRISTI, TEXAS

_____

CIPRIANO GONZALEZ                                    APPELLANT

V.

THE STATE OF TEXAS                                    APPELLEE

Petition in Cause No.13-14-00308-CR

Tr. Ct. No. 10-CR-2815-F

214TH District Court of Nueces County, Texas,

and the 13th Court of Appeals,

Corpus Christi, Texas

_____

## PETITION FOR DISCRETIONARY REVIEW

_____


TO THE HONORABLE COURT OF CRIMINAL APPEALS:

## PROCEDURAL HISTORY

CIPRIANO GONZALEZ, hereinafter referred to as Appellant, respectfully petitions the Court of Criminal Appeals to review the judgment of the 13th Court of Appeals which had affirmed his conviction as per that judgment in Cause No. 13-14-00308-CR as set forth in the

1

**Appendix**, attached hereto and incorporated by reference herein for any purpose.

## STATEMENT OF THE CASE

On May 15, 2014, the court held a hearing on the state's Motion to Revoke Community Supervision, (MTR), in this case. On the same day the Appellant pled **NOT TRUE** to an allegation that on December 3, 2013, he had committed the offense of assault causing bodily injury. Appellant pled **TRUE** to the remaining allegations, with the exception of the first allegation which the state abandoned. (RR, Vol. 1, pp. 7-10). Then the state and the Appellant presented testimony to the court regarding the allegation of assault causing bodily injury. At the conclusion of the presentation of the evidence, the court found that all allegations were **TRUE**, (excluding the abandoned allegation), and sentenced Appellant to two (2) years in state jail. (RR, Vol. 1, page 40).

Appellant perfected his appeal by filing with the District Clerk of Nueces County, Texas, in writing his

2

**Notice of Appeal**, on May 23, 2014. (CR, Vol. 1, pp. 121-123).

## STATEMENT OF FACTS
## (MTR HEARING ON THE MERITS)

Again, on May 15, 2014, the court held a hearing on the state's **Motion to Revoke Community Supervision**, in this case. On the same day the Appellant pled **NOT TRUE** to an allegation that on December 3, 2013 he had committed the offense of assault causing bodily injury. Appellant pled **TRUE** to the remaining allegations, with the exception of the first allegation which the state abandoned.

During the MTR hearing in this case, the state called several witnesses in an effort to prove the allegation of assault causing bodily injury.

The first witness called by the state was Noel Perez, who testified as follows: that on December 3, 2013 at about 8:30 P.M. he was gathering up tools from his work site, when suddenly (and it appears from out of the blue) he was surrounded by Appellant and several other men; that next he recalled his "crawling on the floor trying

3

to get up" after the alleged assailants surrounded him and allegedly struck him; that in his testimony (and after some prompting by the state) he <u>suddenly</u> recalled Appellant being one of the men "kicking" him, though according to his testimony, Appellant was not the first person to hit him; that it was his opinion though that Appellant had hit him; that all these men apparently hit and kicked him; that they finally stopped assaulting him and left him on the ground; that this assault had caused him pain; that he had worked on this job under Appellant; that he had made an <u>additional</u> and <u>separate</u> <u>agreement</u> with the contractor (which excluded Appellant) for extra pay since it would then take longer to complete the job than anticipated under the original agreement; that this extra money would go to him and another person he had hired to help him complete the job, and not to Appellant; and, that he was a tall man of six feet, five inches. (RR, Vol. 1, pp. 10-26).

Finally, the state called its second and last witness, Lucy Rodriguez, who testified as follows: that she witnessed the assault on Noel Perez; and, that she

4

saw four men kicking him, including the Appellant. (RR, Vol. 1, pp. 27-30).

The state rested.

Thereafter, the Appellant called Pedro Gonzalez, who testified as follows: that he was Appellant's brother; that he was at the scene of the altercation; that the Appellant was there to recover the keys to the building they were repairing; <u>that it was Noel Perez himself, (six feet, five inches tall), who came charging at the Appellant with a five (5) foot scraper</u>; that a person by the first name of "Jerry" appeared and attempted to stop Mr. Perez from injuring Appellant; that the fight was actually between "Jerry" and Noel; and, that neither he nor Appellant struck Mr. Perez. (RR, Vol. 1, pp. 31-39).

The Appellant rested.

## FIRST GROUND FOR REVIEW

THE COURT OF APPEALS ERRED WHEN IT FAILED TO FIND THAT THE EVIDENCE INTRODUCED DURING THE MTR HEARING REGARDING THE ALLEGATION OF ASSAULT CAUSING BODILY INJURY WAS FACTUALLY INSUFFICIENT TO SUPPORT THE

5

COURT'S FINDING BY A PREPONDERANCE OF THE EVIDENCE THAT
SUCH ALLEGATION WAS TRUE.

## SUMMARY OF THE ARGUMENT

There was insufficient evidence presented at the MTR hearing to sustain a finding by a preponderance of the evidence by the trial judge that Appellant did, in fact, commit the offense of assault causing bodily injury since there was conflicting testimony regarding the true initiator and etiology of this confrontation.

## ARGUMENT AND AUTHORITIES

In this particular case, this Court Criminal of Appeals will note that there was contradicting evidence that Appellant committed the alleged assault against Noel Perez. The victim's testimony itself was confusing since he recalled only "crawling on the floor" after the alleged assailants came from out of the blue and surrounded him and allegedly assaulted him. Then <u>suddenly</u>, (after being prompted by the state), he recalled Appellant being one of the men "kicking" him.

**6**

It would appear from Mr. Perez's testimony that he was anxious to deflect any blame for the assault from himself! Furthermore, Appellant's brother related to the court that a man named "Jerry" intervened in an effort to fend off an initial assault perpetrated by the Mr. Perez, during the assault in question. These conflicting versions of who became the aggressor were sufficient in and of themselves to rebut the trial court's conclusion that Appellant was a party to this confrontation. Accordingly, Appellant contends that the state failed to prove by a preponderance of the evidence, that the offense of assault causing bodily injury was <u>TRUE</u> and that such conflicting evidence should have caused a reasonable person, including the judge, to hesitate in concluding that Appellant was the aggressor and initiator of the assault.

<u>SECOND GROUND FOR REVIEW</u>

THE COURT OF APPEALS ERRED WHEN IT FAILED TO

FIND THAT THE PUNISHMENT ASSESSED BY THE JUDGE

DURING SENTENCING PHASE OF THE MTR WAS

7

DISPROPORTIONATE TO THE SERIOUSNESS OF THE
ALLEGED OFFENSE, ALL IN VIOLATION OF THE EIGHTH
AND FOURTEENTH AMENDMENTS OF THE UNITED STATES
CONSTITUTION.

## SUMMARY OF THE ARGUMENT

It is Appellant's position that the evidence presented at the MTR hearing did not justify the trial judge's revoking his community supervision and assessing the maximum punishment for a state jail felony since the court should not have found the assault allegation true, and since the remaining allegations (to which he had pled TRUE), were "technical" in nature and therefore did not justify revoking Appellant's community supervision and sentencing him to two (2) years in a state jail.

## ARGUMENT AND AUTHORITIES

Appellant notes that under the previous rulings of the Texas Court of Criminal Appeals, an appeal prefaced

on the grounds of disproportionate punishment <u>may</u> be frivolous. <u>Harris v. State</u>, 656 S.W.2d 481, 486 (Tex.Crim.App.1983); <u>Combs v. State,</u> 652 S.W.2d 804, 806 (Tex. App. -- Houston [1st Dist.] 1983, no pet.). However, Appellant raised this specific issue to ensure there was no waiver of an anticipatory claim of disproportionate punishment in Federal Court. <u>See</u> <u>Swenney v. State</u>, 828 S.W.2d 254, 258 (Tex. App.—Houston [1st Dist.] 1992). Clearly, it was within a court's power to review a sentence imposed by judge or jury and to determine whether such sentence passed constitutional muster, even if no objections were made during trial. <u>Lovejoy v. Lillie</u>, 569 S.W.2d 501, 503 (Tex. Civ. App. — Tyler 1978, writ ref'd n.r.e.); <u>Houston Chronicle Publishing Co. v. City of Houston</u>, 531 S.W.2d 177 (Tex. Civ. App. — Houston [14th Dist.] 1975), writ ref'd n.r.e., 536 S.W.2d 559 (Tex. 1976). Accordingly, the issue was one of <u>PROPORTIONALITY</u>.

The Eighth Amendment to the Constitution of the United States provides as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel

**9**

and unusual punishment inflicted." Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2nd 758 (1962), held that the Eighth Amendment was applicable to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Marbury v. Madison, 1 Cranch 137, 2 L.Ed. 60 (1803), concluded that it was within the powers and duties of the judicial branch of our government to determine what was the law and whether or not a law was constitutional. Clearly, it was within a court's power to review a sentence imposed by judge or jury and to determine whether such sentence passed constitutional muster. Though the judge assessed punishment at two (2) years in a state jail facility, this did not mean ipso facto that any sentence within the range of punishment was exempt from constitutional scrutiny simply because that was what a legislative body authorized courts and juries to impose -- obviously such an argument is circular in its construction. And if such were the case, then any state legislature could with complete impunity pass Draconian laws, for example, that made overtime

**10**

parking an offense punishable by life imprisonment.

In previous decisions the United States Supreme Court concluded that the Eighth Amendment's bar to cruel and unusual punishments was an evolving standard which proscribed needless or barbaric infliction of pain and sanctions which were disproportionate to the severity of a crime. Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976); Coker v. Georgia, 433 U.S. 584, 592, 97 S.Ct. 2861, 2866, 53 L.Ed.2d 982 (1977). Accordingly, in a 1983 U.S. Supreme Court decision, the justices set forth certain standards by which appellate courts might objectively review court or jury assessed punishments to determine if they violated the proscriptions of the Eighth Amendment. Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). The objective standards set forth in Solem were as follows:

1. "the gravity of the offense and the harshness of the penalty," 463 U.S., at 290-291, 103 S.Ct., at 3009-3010;

**11**

2. "the sentences imposed on other criminals in the same jurisdiction," id., at 291, 103 S.Ct., at 3010; and,

3. "the sentences imposed for commission of the same crime in other jurisdictions," id. at 219-292, 103 S.Ct., at 3010.

However, in a U.S. Supreme Court decision, the Justices, by a 5-4 majority, chose to limit the application of the standards in Solem and stated that there was no proportionality guarantee (possibly with the exception of death penalty cases) in the Eight Amendment. Harmelin v. Michigan, 111 S.Ct. 2680 (1991), 115 L.Ed.2d 836 (1991). Regardless, it was Appellant's position that the majority in Harmelin recognized that indeed the Eighth Amendment provided a limited proportionality component when Justice Scalia stated as follows:

"We think it enough that those who framed and approved the Federal Constitution chose, for whatever reason, not to include within it the guarantee against disproportionate sentences that some State Constitutions contained. It is

**12**

worth noting, however, that there was good reason for that choice -- a reason that reinforces the necessity of overruling Solem. While there are relatively clear historical guidelines and accepted practices that enable judges to determine which modes (emphasis added) of punishment are "cruel and unusual," proportionality (emphasis added) does not lend itself to such analysis. Neither congress nor any state legislature has ever set out with the objective of crafting a penalty that is "disproportionate," yet as some of the examples mentioned above indicate, many enacted dispositions seem to be so -- because they were made for other times or other places, with different social attitudes, different criminal epidemics, different public fears, and different prevailing theories of penology. That is not to say that there are no absolutes; one can imagine extreme examples that no rational person, in any time or place could accept. But

**13**

for the same reason these examples are easy to decide, they are certain never to occur (emphasis added). _Harmelin_, at 111 S.Ct., at 2696-2697.

Appellant concedes that _Harmelin_, may have narrowed, though not necessarily eliminated, the proportionality component of the Eighth Amendment. However, _Harmelin_ did not provide any new objective standards by which to review and reverse those "examples" which "are easy to decide" other than Justice Kennedy's conclusion that the first objective standard in _Solem_ (the gravity of the offense and the harshness of the penalty) shall be the initial hurdle that a reviewing court must overcome before ever considering the remaining standards two and three in _Solem_. _Harmelin_, 111 S.Ct., at 2707. Accordingly, Appellant contends that in reality _Harmelin_ has no language prohibiting appellate courts from reviewing the constitutionality of a particular punishment in the light of concepts of proportionality set forth in _Solem_. To contend now that proportionality was now so narrow that it was without meaning (with the

**14**

exception of death penalty cases, <u>Harmelin</u> at 111 S.Ct. at 2701), that lawmakers may run amok enacting reactionary legislation, and that judges or juries may impose sentences with absolute immunity from judicial review, was difficult to comprehend when you consider our national and historical deference to fundamental governmental concepts of separation of powers, and checks and balances.

The concept of proportionality was ancient and fundamental to the jurisprudence of emerging world civilizations. The concept of limiting the penal sanction through proportionality predates <u>Magna Carta</u> or English Common Law and can be found in the <u>Code of Hammurabi</u> which placed limits on punishment by proscribing an eye for an eye, a tooth for a tooth, or more concisely: <u>no more</u> than an eye for an eye, and <u>no more</u> than a tooth for a tooth. Accordingly, Appellant contends that despite the 5-4 decision in <u>Harmelin</u>, the appellate courts should examine case law that attempted to provide rational standards for reviewing particular punishments in determining whether particular penal sanctions were

**15**

disproportionate to the severity of a particular crime.

As previously mentioned, the United States Supreme Court in <u>Solem</u> established three major factors for consideration and application in determining whether a punishment violated the Eighth Amendment's "cruel and unusual" proscriptions. In Appellant's particular case, the punishment assessed by the judge at two (2) years in a state jail facility, was excessive and clearly should be reserved for more heinous offenders so that such a sanction was meaningful under concepts of retribution and deterrence.

If this Honorable Court of Criminal Appeals applied the facts of Appellant's case to those three standards set forth in <u>Solem</u> it could move through the first <u>threshold</u> standard (the gravity of the offense and the harshness of the penalty -- now required by <u>Harmelin</u>); find that proportionality was an issue; conclude that statistically intrastate sentences, from judges or juries, would not be as harsh; and, further conclude that the same intrastate statistics would apply to interstate sentences.

The punishment assessed by the judge at two (2) years in a state jail facility, violated the punishment proscriptions of the Eighth Amendment of the United States Constitution as applied to the various States by the Fourteenth Amendment, and warrants at least a new punishment hearing for Appellant in the trial Court.

## PRAYER FOR RELIEF

For **ALL** the reasons stated above, Appellant respectfully requests that this honorable Court Criminal of Appeals reverse the trial court's judgment, set aside the sentence of Appellant, and remand the case back to the trial court for a new MTR hearing; or, in the alternative, remand the case back to the same trial court for a new sentencing hearing on the MTR; or, reverse the sentencing portion of the trial and render a judgment ordering Appellant returned to community supervision under those terms and conditions to be set forth by the trial court.

**RESPECTFULLY SUBMITTED:**


**/S/  Randall E. Pretzer**
**Randall E. Pretzer, PLLC**
**Attorney for Appellant**
**State Bar No. 16279300**
**P.O. Box 18993**
**Corpus Christi, Texas 78480**
**BUS: (361) 883-0499**
**FAX: (361) 883-2290**
**E-MAIL: repretzer@gmail.com**


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Appellant's Brief was delivered to the Nueces County District Attorney's Office, ATTN: Appellate Division, 901 Leopard Street, Corpus Christi, Texas 78401, by hand-delivery, and to The State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711-3046, on July 22, 2015, by first class mail.

**/S/   Randall E. Pretzer**
**Randall E. Pretzer, PLLC**
**Attorney for Appellant**

**18**

## CERTIFICAT OF COMPLIANCE
## UNDER RULE 9.4 (i), TRAP

Please be advised that in compliance with <u>Texas Rule of Appellate Procedure</u> 9.4(i)(3), as amended, I certify that the number of words in this brief, excluding those matters listed in Rule 94 (i)(1), is <u>2,591</u> as per the computer count.

/S/   Randall E. Pretzer
Randall E. Pretzer, PLLC
Attorney for Appellant

## APPENDIX



# NUMBERS 13-14-00308-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**CIPRIANO GONZALEZ,**                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

### On appeal from the 214th
### District Court of
### Nueces County, Texas

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Pursuant to a plea bargain agreement, appellant Cipriano Gonzalez pleaded guilty to burglary of a building, a state jail felony. *See* TEX. PENAL CODE ANN. § 30.02 (West, Westlaw through Ch. 46, 2015 R.S.). The trial court assessed appellant's punishment at two years' imprisonment, suspended sentence of confinement, and placed appellant on community supervision for a period of four years.[1] The State subsequently moved to revoke appellant's community supervision, alleging four violations. Following an evidentiary hearing, the trial court found the allegations true, revoked appellant's community supervision, and sentenced him to two years' imprisonment. By two issues, appellant argues: (1) the evidence was insufficient to support the trial court's finding that he committed the offense of assault causing bodily injury; and (2) the punishment assessed was disproportionate to the seriousness of the offense in violation of the Eighth and Fourteenth Amendments to the United States Constitution. *See* U.S. CONST.

---

[1] During the term, the trial court extended the period of community supervision to five years.

amend. VIII, XIV.  We affirm.

BACKGROUND

The State filed a motion to revoke appellant's community supervision alleging the following violations:  (1) committing the offense of assault causing bodily injury; (2) failing to report to his probation officer; (3) failing to pay restitution and supervisory fees; and  (4) failing to pay for and complete the Felony Impact Panel program.  At the revocation hearing, appellant pleaded true to the second, third, and fourth allegations and "not true" to the first allegation.

During the hearing, victim Noel Perez testified concerning the alleged assault.  Perez stated that he worked with appellant on an apartment remodeling project.  Perez recalled gathering his tools at the end of a work-day, when he was suddenly surrounded by appellant and three other men.  He remembered being struck by one of the men and then "crawling on the floor trying to get up," while all four of the individuals stomped and kicked him repeatedly.  Perez testified appellant kicked him in the face while he was on the ground.  Perez suffered bumps to his head, scrapes on his knees, and injuries to his feet.  Another witness testified she saw appellant kick Perez while he was on the ground. Appellant's brother testified that he was present during the altercation, but that it was another individual—not appellant—who fought with Perez.  At the conclusion of the hearing, the trial court found the alleged violations true, revoked appellant's community supervision, and sentenced appellant to two years' imprisonment.  This appeal followed.

SUFFICIENCY OF EVIDENCE

By his first issue, appellant argues that the evidence was insufficient concerning the allegation of assault causing bodily injury.  Appellant maintains that there was conflicting evidence whether appellant was the aggressor and initiator of the assault.

A.  Standard of Review

We review a trial court's order revoking community supervision for an abuse of discretion.  *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).  At a probation revocation proceeding, the State bears the burden of showing by a preponderance of the evidence that the defendant committed a violation of his community supervision conditions.  *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) (en banc); *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.).  If the State does not meet its burden of proof, the trial court abuses its discretion in revoking the community supervision.  *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984).

Proof by a preponderance of the evidence of any one of the alleged violations of the community supervision conditions is sufficient to support a revocation order.  *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.—Corpus Christi 1997, no pet.).  Further, a plea of true alone is sufficient to support revocation of community supervision.  *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Perry v. State*, 367 S.W.3d 690, 693 (Tex. App.—Texarkana 2012, no pet.); *Jones*, 112 S.W.3d at 268.  When multiple violations are found by the trial court, we will affirm the order revoking community supervision if the State proved any violation by a preponderance of the evidence.  *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision.").

B.  Analysis

Appellant pleaded true to the allegations of:  failing to report to his probation officer; failing to pay restitution and supervisory fees; and failing to pay for and complete the Felony Impact Panel program.  A failure to report violation provides a sufficient basis for the trial court's decision to revoke community supervision.  *See, e.g.*, *Flournoy v. State*, 589 S.W.2d 705, 707, 709–10 (Tex. Crim. App. [Panel Op.] 1979) (no abuse of discretion to revoke for failing to report for nine months over a period of about four years); *Greer v. State*, 999 S.W.2d 484, 489 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (no abuse of discretion to revoke for failing to report for a single month); *Guerra v. State*, 664 S.W.2d 412, 413 (Tex. App.—Corpus Christi 1983, no pet.) (no abuse of discretion to revoke for failing to report for three consecutive months).  Although appellant argues the violations—other than assault

causing bodily injury—are minor, a trial court may revoke community supervision for a violation of any condition, including any single "technical" condition. *See Nurridin v. State*, 154 S.W.3d 920, 924 (Tex. App.—Dallas 2005, no pet.). Because appellant's plea of true to failing to report is sufficient to support revocation, we need not address appellant's contentions concerning the assault causing bodily injury allegation. *See Smith,* 286 S.W.3d at 342. We overrule appellant's first issue.

SENTENCING

By his second issue, appellant argues that the sentence is disproportionate to the seriousness of the offense in violation of the Eighth and Fourteenth Amendments to the United States Constitution. *See* U.S. CONST. amend. VIII, XIV. To preserve a complaint of disproportionate sentencing, the defendant must make a timely, specific objection in the trial court or raise the issue in a motion for new trial. TEX. R. APP. P. 33.1; *Heidelberg v. State*, 144 S.W.3d 535, 542–43 (Tex. Crim. App. 2004); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd); *see also Montemayor v. State*, No. 13–10–00292–CR, 2011 WL 1844449, at *3 (Tex. App.—Corpus Christi March 17, 2011, no pet.) (mem. op., not designated for publication). Almost every right, constitutional or statutory, may be waived by the failure to object. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). Appellant did not object to his sentence at the hearing, and he did not file a motion for new trial asserting any constitutional or statutory complaints concerning his sentence. Appellant failed to preserve this issue for review on appeal. *See* TEX. R. APP. P. 33.1. We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not
publish.
TEX. R.
APP. P.
47.2(b).

Delivered and
filed the 9th day
of July, 2015.